**G. D. LOLLIE, MOLLIE LOLLIE, CHRISTINE LOLLIE and FLORIDA INDUSTRIAL COMMISSION, v. GENERAL AMERICAN TANK STORAGE TERMINALS AND THE TRAVELERS INSURANCE COMPANY.**

34 So. (2nd) 306

February 27, 1948

January Term, 1948

En Banc

*C. H. Bourke Floyd,* for G. D. Lollie and *Walter E. Rountree,* for Florida Industrial Commission, appellants.

*C. R. Mathis, Thomas Sale* and *John J. Faissler* (Chicago, Illinois), for appellees.

TERRELL, J.:

While in the employ of appellee, Arnold D. Lollie was killed in the course of his employment, February 11, 1945. At the time of his death he was several months under eighteen years of age and appellants, G. D. Lollie, his father, Mollie Lollie, his mother, and Christine Lollie, his sister, were dependent on him for support. The deceased was unmarried and was earning fifty-eight dollars and eight cents ($58.08) per week.

The Deputy Commissioner entered an order requiring the employer-carrier to pay the dependents of Arnold D. Lollie twenty-two dollars per week compensation. The Deputy Commissioner also required the employer to pay said dependents a like sum because of the alleged violation of Section

232.08, Florida Statutes 1941. The order also required that attorneys for the dependents be paid $500.00 attorneys fees, one-half by the employer and one-half by the carrier, and that the employer-carrier pay medical, ambulance and hospital bills.

On review by the Industrial Commission the award of the Deputy Commissioner was affirmed and the dependents' attorney was awarded an additional fee of $150.00, one-half payable by the employer and the other half payable by the carrier. On appeal to the Circuit Court a final decree was entered affirming that part of the award of the Industrial Commission as to compensation, funeral expenses and attorneys fees, payable by the employer-carrier, but limited the funeral expenses to $150.00, the maximum allowed by law, and the compensation to Five Thousand Dollars, ($5000.00). The Circuit Court reversed that part of the Industrial Commission's award imposed on the employer. This appeal is from the final decree.

The main point for determination is whether or not the trial court committed error in reversing the Industrial Commission as to that part of the award imposed on the employer, the basis of which was that "No employment or age certificate was issued in Bay County where the deceased was living and employed at the time of his death."

The Industrial Commission predicated that part of the award appealed from on Section 440.54, Florida Statutes 1941, which in effect provides that compensation and death benefits shall be double the amount otherwise payable if the Commission determines that the injured employee was a minor at the time of the accident and was being permitted to work in violation of any of the Child Labor Laws of Florida. The employer alone is required to carry the extra burden and he is forbidden to insure against it.

The pertinent part of Section 450.04, Florida Statutes 1941, provides that no minor between sixteen and eighteen years of age shall be permitted to work at any gainful employment except domestic service unless the employer "shall procure and keep on file at the place of the minor's employ-

ment, an age certificate." Such certificates are granted by Section 232.08, Florida Statutes 1941, and when applied for in writing may be issued by the County Superintendent or an attendance assistant, or principal of a school authorized by the County Superintendent to do so. The Industrial Commission found that the age certificate in question was not procured but the trial court found that such finding was not supported by the evidence.

On examination of the pertinent statutes, Sections 232.03, 232.07, 232.08, 450.04, 440.54 and perhaps others, shows that the only purpose of the age or employment certificate is to establish the age of minors who be legally drawn into gainful employment. Section 450.04, Florida Statutes 1941, in terms makes them "conclusive evidence of the age of the minor for whom issued." This statute also requires the employer to "procure and keep on file at the place of the minor's employment, "an age certificate as provided by Section 232.07, Florida Statutes 1941. Since this is a mandatory requirement, we do not think one challenging the fact of whether or not such a certificate has been procured is required to look further than the "place of the minor's employment," if not found there or produced by the employer when challenged the court may presume that it has not been secured. If the minor's age is material it may then be proven by birth certificate or such other evidence as may be admissible.

The Industrial Commission based its award on Section 440.54, Florida Statutes 1941, which provides that compensation and death benefits shall be double the amount otherwise payable if it is determined that the injured employee was a minor, working in violation of the Child Labor Laws. We are convinced that Section 440.54 must be read in connection with section 440.20, Florida Statutes 1941, which provides that the "total compensation payable under this Chapter for disability and death shall in no event exceed the sum of $5000.00 in addition to any benefits under Section 440.13 for medical services and treatment, and under subsection (1) of Section 440.16, for funeral expenses."

The total award by the Industrial Commission in this case was $10,000.00, plus funeral expenses, medical treatment and attorneys fees, the double feature or that part imposed on the employer was imposed on the ground that no age certificate was found at the place of deceased's employment. In our view, Section 440.20, above quoted, was a clear limitation of $5000.00 on the amount of compensation or benefits that may be allowed in any case, to which may be added the cost of medical treatment and funeral expenses. Sections 440.54 and 440.20 were not enacted at the same time but were parts of the same statute and when the legislature employed the language, "Shall in no event" the compensation exceed $5000.00, the Industrial Commission was powerless to award more.

This view is further supported by the well settled principle that penal statutes must be construed strictly in favor of the person against whom the penalty is imposed. There can be no question that Section 440.54 imposes a penalty on the employer. Even though if read with Section 440.20, it could be said to be ambiguous, which we find no basis for, it would be our duty to construe it strictly in favor of the one against whom the penalty is imposed. Here the Commission imposed a penalty of $5000.00 for failure to secure an age certificate which should be had on request. Its procurement had no relation to the employee's death and the penalty imposed has no causal or other relation to the offense, so any other interpretation would render the act imposing it invalid as to the employer in this case. Peremptorily to impose a penalty of $5000.00 on one and not permit him to open his mouth in his defense is contrary to every element of due process. Rudy v. McCloskey & Company, 348 Pa. 401, 35 Atl. (2nd) 250.

The only other point necessary for us to determine is whether or not the employer is estopped to question the constitutionality of any part of the Workman's Compensation Law, no notice of non-acceptance of its provisions having been given by him.

The rule is well settled in this country that when one accepts the general benefits of an act he is not estopped to chal-

lenge the constitutionality of any separable portion thereof under which he has not given or accepted benefits. Kristanik v. Chevrolet Motor Co. 335 Mo. 60, 70 S.W. (2nd) 890; Echlin v. Superior Court in and for San Mateo County, 13 Cal. (2nd) 368, 90 Pac. (2nd) 63. We think Section 440.54 is well within this rule ad being so, the employer may question its constitutionality. In this holding we do not overlook the rule prescribed in Woodward Iron Co. v. Bradford 206 Ala. 447, 90 So. 803; Booth Fisheries Co. et al. v. Industrial Commission of the State of Wisconsin et al., 46 Sup. Ct. 491, 261 U.S. 208, 70 L. ed. 908; Hawkins v. Bleakly, 243 U.S. 210, 37 Sup. Ct. 255, 61 L. ed. 678.

It follows that the decree appealed from is affirmed.

Affirmed.

THOMAS, C. J., BUFORD, CHAPMAN, ADAMS, SEBRING and BARNS, JJ., concur.