72 So.2d 817 (1954)
LOCKETT
v.
SMITH et al.
Supreme Court of Florida. En Banc.
May 21, 1954.
Rehearing Denied July 20, 1954.
J. Ben Watkins, Sanchez, Watkins & Watkins, Tallahassee, and Harry Goodmark, West Palm Beach, for petitioner.
Earnest, Lewis, Smith & Jones, West Palm Beach, Rodney Durrance and Burnis Coleman, Tallahassee, for respondents.
HOBSON, Justice.
The claim with which we are concerned in this workmen's compensation case was for an additional amount of twenty percent of delinquent compensation payments due the claimant as the result of an award previously entered by the Deputy Commissioner. After hearing the evidence with respect to this claim, the Deputy Commissioner awarded the claimant twenty percent of the amount of the previous award then delinquent, pursuant to Section 440.20 (6), Florida Statutes, F.S.A., but refused to grant an attorney's fee under Section 440.34, Florida Statutes, F.S.A., for services rendered by claimant's attorney at the hearing above mentioned. The full Commission affirmed the Deputy's order and claimant now petitions for certiorari to review the order of the Commission.
The provisions of the Workmen's Compensation Act now before us are the following:
"440.20 Payment of compensation
* * * * * *
"(6) If any compensation, payable under the terms of an award, is not paid within fourteen days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty per cent thereof, which shall be paid at the same time as, but in addition to such compensation, unless review of the compensation order making such award is had as provided in § 440.27."
"440.34 Attorney's fees; costs; penalty for violations

*818 "(1) If the employer or carrier shall file notice of controversy as provided in § 440.20 of this chapter, or shall decline to pay a claim on or before the twenty-first day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the injured person shall have employed an attorney at law in the successful prosecution of his claim, there shall, in addition to the award for compensation be awarded reasonable attorneys fee, * * *." (Emphasis added.)
Petitioner contends that it was error to deny him a reasonable attorney's fee because the award of the additional twenty percent under Section 440.20 was an award of additional compensation and therefore covered by Section 440.34. Respondent contends just as vigorously that the Deputy was correct in holding this additional award to be a penalty, as to which no provision is made in Section 440.34 for payment of fees to counsel.
This case is one of first impression in Florida and so far as we are informed the point has never been decided elsewhere. Indeed, according to Professor Larson, only four states, including Florida, approach the problem of attorney fees in workmen's compensation cases by making provision for such fees at the hearing or trial level by express statute. Larson on Workmen's Compensation (1952) Section 83.12. Some authority is available, however, on the construction of statutory provisions pertaining to extra payment for delinquency as in Section 440.20(6) above.
Section 25 of the New York Workmen's Compensation Act, McK.Consol.Laws, c. 67, reads in part as follows: "If the employer or his insurance carrier shall fail to make payments of compensation according to the terms of the award within ten days thereafter, except in case of an appeal, there shall be imposed a penalty equal to twenty percentum of the unpaid compensation * * *." (Emphasis added.) This "penalty" was imposed and, of course, called a "penalty" in Hart v. Perkins, 258 N.Y. 66, 179 N.E. 261, which was cited as persuasive in construing the comparable section of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 914(f), in Twine v. Locke, 2 Cir., 68 F.2d 712, cited by respondent. The language of the section of the federal statute last cited is substantially identical with that of our own statute, and in the Twine case was said to have been based upon the New York Act. Subsequent federal cases, e.g., Arrow Stevedore Co. v. Pillsbury, 9 Cir., 88 F.2d 446, and Travelers Insurance Co. v. Branham, D.C., 65 F. Supp. 512, in mentioning the amount of Longshoremen's Act makes payable for delinquency have called it a "penalty". Parts of our Workmen's Compensation Law were taken from the New York Act and the Longshoremen's Act, Royer v. United States Sugar Corp., 148 Fla. 537, 4 So.2d 692. But neither of these statutes has a provision for attorney fees comparable with our own, and in none of the cases cited above was the question now confronting us presented, nor was it of the least importance to decide whether or not the sum required to be paid was in fact in the nature of a penalty. See also 58 Am.Jur., Workmen's Compensation, Section 549, p. 919, where the word "penalty" is used to describe the increased payment for delinquency, but without analysis.
Under the Florida Workmen's Compensation Law, "compensation" is defined as "the money allowance payable to an employee or to his dependents as provided for in this chapter." F.S. § 440.02(11), F.S.A. And see Royer v. United States Sugar Corp., supra, 4 So.2d 692. A literal application of this definition would support petitioner's contention that the twenty percent prescribed by Section 440.20(6) is "compensation" but this would seem, without more, to be too superficial an analysis in view of the interpretation given by this court to Section 440.54. The latter section (which provides for payment of double the amount of compensation in case of violation of the child labor laws of Florida, the employer alone and not the insurance carrier being liable for the increased payment) was before us in Lollie v. General *819 American Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306. We there held that although the double payment was a penalty against the employer, it was still comprehended by Section 440.20(13) (now repealed, Laws 1951, c. 26877, § 2) which read in part: "The total compensation payable under this chapter for disability and death shall in no event exceed the sum of five thousand dollars * * *." (Emphasis added.) In sum, we held in the Lollie case that while an amount payable may be a penalty for some purposes, it must be included in the term "compensation" for others.
It will thus be seen that the problem before us depends upon a definition more functional than formal. It becomes advisable to examine the nature of the delinquency payment for which the statute provides and to determine whether or not it may be regarded as the kind of payment whose recovery should be attended by a reasonable fee for counsel necessarily employed.
Unlike the double compensation payment before us in the Lollie case, supra, the twenty percent delinquency payment is not restricted to the employer. One obvious purpose of Section 440.20, and especially subsections (5) and (6) thereof, is to protect the claimant against unnecessary delay in receiving his money. Petitioner contends, and we agree, that many if not most people receiving workmen's compensation benefits are interested in promptness and regularity as well as in adequacy of payment, since the money is to be put to immediate use in defraying current operating expenses. If payment is delayed, money may have to be borrowed, at interest. Thus the primary and most useful social purpose of the twenty percent delinquency payment is to reimburse or compensate the claimant for any injury he may have suffered as a result of the delinquency. The amount recovered will generally be so small, however, being only twenty percent of the amount actually in arrears (in the present case the additional amount recovered was only $25.50) that if the claimant must make his own arrangements for counsel fees, as respondent contends that he should, the statutory purpose will be thwarted. Moreover, delinquency will ordinarily imply disinclination or reluctance to pay, or at least to pay promptly, which might well cause the claimant to retain counsel at this stage, or to call again upon counsel already retained, to enforce his rights. He should not be impeded by the thought of counsel fees which may render the enterprise an empty gesture so far as he is concerned. The salutary purpose of Section 440.34(1), which is one of the few provisions of its kind in the United States, should not be nullified by restrictive interpretation. If doubt exists, it will be resolved in favor of the working man. Florida Game & Fresh Water Fish Commission v. Driggers, Fla., 65 So.2d 723; Di Giorgio Fruit Corp. v. Pittman, Fla., 49 So.2d 600.
We hold that the twenty percent additional amount here recovered under Section 440.20(6) was "compensation" within the meaning of Section 440.34(1). It follows that it was error to deny to the claimant reasonable attorney fees.
The writ is granted, the challenged order quashed and the cause remanded for further proceedings in conformity with this opinion.
ROBERTS, C.J., and TERRELL, THOMAS, MATHEWS and DREW, JJ., concur.
SEBRING, J., not participating.