TERRELL, Justice.
Appellant, a minor, was injured August 1, 1947, while in the employ of appellee, Florida Art Stucco Corporation. He filed a claim under Section 440.15, Florida Statutes 1941, F.S.A., for disability compensation against his employer and Great American Indemnity Company, the insurance carrier. He also filed claim for double compensation as provided by Section 440.54, Florida Statutes 1941, F.S.A. The Florida Industrial Commission entered an award for disability compensation, the last payment on which was made by the carrier August 30, 1948. 'No award was made under Section 440.54 for double benefits at that time.
Thereafter, on May 21, 1952, a- deputy commissioner ordered the employer to pay claimant the double benefits provided by *894 Section 440.54, and denied the claim for additional attorneys fees as provided by Section 440.34, on the ground that payment under Section 440.54 was a penalty and not compensation, and the law providing therefor should be strictly construed. This order, on September 26, 1952, was affirmed by the Florida Industrial Commission. By stipulation with the employer the claimant waived the right of appeal and further claim against the employer. February 18, 1953, claimant filed an additional claim with the Industrial Commission against the employer-Carrier for compensation and medical benefits, alleging that his disability was greater than existed at the time of the award by the Industrial Commission August 30, 1948. The Deputy Commissioner denied this claim March 31, 1953, on the ground that the last payment of compensation was made to the employee August 30, 1948, that the payment made by the employer October 31, 1952 as provided by Section 440.54 was a penalty and not compensation within the terms of the Workmen's Compensation Act and -that inasmuch as more than one year had expired since the date of the last payment of compensation the claimant was not entitled to reopen the case under Section 440.28, and was not entitled to further benefits under Workmen’s Compensation Act. The full Commission affirmed the order of the Deputy Commissioner and the Circuit Court on appeal affirmed the order of the Industrial Commission. We are confronted with an appeal from the latter order.
The point for determination may be stated as follows: Was payment of all additional payments by the employer October 31, 1952, as provided under Section 440.54, Florida Statutes 1941, F.S.A., such a payment of “compensation” within the purview of the Workmen’s Compensation Act, Section 440.28, as will enable claimant to reopen the case after the one year period provided therein has expired?
The Industrial Commission held that the payment made October 31, 1952 was a pen-’ alty, that it was not the. payment of compensation within the purview of the Workmen’s Compensation Act. Appellant contends on the other hand that even though such payment be a penalty, it is nevertheless a compensation payment and that the one year period of limitation then provided should be computed from the time of such payment, irrespective of who was required under the Act to pay it. Since the one year period had not expired at the time of the claimant’s last application, it is contended that the Deputy Commissioner erred in refusing to reopen the case.
Compensation is defined in 440.02(11) to be “money allowance payable to an employee or to his dependents as provided in this chapter.” There is no limitation as to who pays such money allowance, nor is there a definition of “money allowance.” It is not entirely clear in what manner the word “allowance” amplifies or limits the “money” payable. Voluntary payments of claimant’s hospital and doctor bills has been held not to be compensation within the Compensation Act and as such did not extend the time for filing of claims. Royer v. United States Sugar Corporation, 1941, 148 Fla. 537, 4 So.2d 692.
In Lollie v. General American Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306, 308, the court was not concerned with the definition of “compensation” alone but of “ ‘total compensation payable under this chapter.’ ” We held that “ ‘total compensation payable under this chapter’ ” was limited to $5,000 under the provisions of 440.20(13) F.S.1941, F.S.A. (now repealed). Two factors appear to have led the court to this conclusion: first, the additional amount payable under. 440.54 was a penalty and must be strictly construed; second, the fact that 440.54 and 440.20(13) were not enacted at the same time and the legislature employed the language “ ‘shall in no event’ ” the compensation exceed $5,-000. The pertinent part of the opinion was:
“In our view, Section 440.20, above quoted, was a clear limitation of $5,000 on the amount of compensation or benefits that may be allowed in any case, to which may be added the cost of medical treatment and funeral ex *895 penses. Sections 440.54 and 440.20 were not enacted at the same time but were parts of the same statute and when the legislature employed the language, ‘shall in no event’ the compensation exceed $5,000 the Industrial Commission was powerless to award more.” (Emphasis supplied.)
It may thus be deduced that “total compensation payable under this chapter” (as used in 440.20(13)) was composed of: “pure” compensation and the penalty “benefits” under 440.54. It follows that when the term used in the statute is “total compensation payable under this chapter” the term “compensation” is an inclusive and general term, but it does not necessarily follow that this definition of compensation is binding when compensation is used elsewhere in the Act when the clear implication that the “compensation” payable according to the terms of such specific statute is limited to “pure” compensation, measured by the earning capacity after injury looking backward to the earnings prior to disability.
In Lockett v. Smith, Fla., 1954, 72 So.2d 817, the court was concerned with the problem of whether the claimant was entitled to an attorney’s fee on the award of 20% payable under 440.20(6) (where carrier is delinquent in payment of the award). The case turned on the determination of whether the 20% “in addition to such compensation” that the claimant was entitled to, was “compensation” within the meaning of 440.34(1). A study of 440.34(1) indicates that the term “compensation” is used in conjunction with the word “claim”, although the court emphasized other provisions of the statute in the opinion. In fine, the court held “compensation” included compensation as well as the 20% payable under 440.20(6). The court also considered whether the 20% was a penalty and in attempting to analyze the Lollie case arrived at the conclusion that under it “compensation” included “compensation” and “penalties”. In the Lollie case the court was concerned with “total compensation payable under this chapter,” which may be somewhat different from the “compensation” payable under some specific provision of the chapter. Thus the inquiry is whether “compensation” is all inclusive or is it a term of limitation. In the Lockett case the court held that the 20% payable to the injured person was to reimburse or compensate the claimant for any injury he may have suffered as the result of the delinquency. Thus it is seen that the 20% is not primarily a penalty against the carrier but “compensation”, to reimburse the claimant for injury he must have suffered- from the delayed payment, the dominant purpose being to compensate the employee. Compare Rudy v. McCloskey & Company, 1948, 348 Pa. 401, 35 A.2d 250.
As pointed out in the Lockett case [72 So.2d 819], the definition of “compensation” is more functional than formal. Such is the clear implication from the following enunciation in the opinion:
“It will thus be seen that the problem before us depends upon a definition more functional than formal. It becomes advisable to examine the nature of the delinquency payment for which the statute provides and to determine whether or not it may be regarded as the kind of payment whose recovery should be attended by a reasonable fee for counsel necessarily employed.” (Emphasis supplied.)
It is therefore not inappropriate in this case to examine the nature of the statute entitling the claimant to file a claim for modification and to determine whether or not the payment made by the employer may be regarded as the kind of payment that would entitle the injured minor to reopen his case against the carrier. It is not to be overlooked that Florida Art Stucco Corporation, the employer, is no longer liable under Section 440.54 Florida Statutes, F.S.A., by reason of the compromise stipulation filed herein.
This brings us to the meaning of “compensation” as used in Section 440.28 Florida Statutes, F.S.A. The application of the injured minor for modification of the award in the instant case was filed under F.S. *896 Section 440.28, F.S.A., which, at the time of the filing, provided a period of one year after the date of the last payment of compensation for a review of the case on the ground of a change of condition or because of a mistake in a determination of fact. The appellant’s contention is that the payment by the employer under Section 440.54 was a payment of “compensation” within the meaning of that term as used in Section 440.28 F.S.1941, F.S.A., the pertinent part being as follows:
“Upon their own initiative or upon the application of any party in interest, on the ground of a change in condition or because of a mistake in a determination of fact the commission may at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a. compensation case in accordance with the procedure prescribed in respect of claims in § 440.25, and ■ in accordance with such section, issue a new compensation . order * * (Emphasis supplied.)
At the outset is must be noted that the carrier is in no way concerned with the liability of the employer under Section 440.54 for the statute is very specific in that such liability of the employer is solely upon him and no one else. Such additional amounts payable under Section 440.54 is a penalty solely against the employer. Lol-lie v. General American Tank Storage, supra. Such a penalty is not “compensatory” as to any ' injury sustained by the minor employee and in this respect is to be distinguished from the 20% delinquency penalty under the provision of Section 440.-20(6) as was held in Lockett v. Smith wherein the court found that the penalty so imposed was to compensate the employee for his damages resulting from the delayed payment. This is not the case as to the present penalty because its purpose was to penalize the employer, not the carrier, and secondarily to benefit the unlawfully employed minor.
The contention of the appellant overlooks the fact that there .are three classes of interest concerned in the administration of the Act: the carrier, the employer, and the claimants. Under the circumstances of this case, these interests are antagonistic. All the parties have specific rights and obligations under the Act. For this reason one of the parties cannot continue the statutory liability of another party whose liability is separate and apart. The unlawfully employed minor has not only a separate claim against his employer under Section 440.54 but he has a separate and severable claim for compensation against the carrier. Whether we call the payment by the employer under Section 440.54 “compensation” or a “penalty” appears to be immaterial for the statute authorizing modification of the award payable by the carrier or the award of the “penalty” payable solely by the employer must in the interest of due process and practical administration of the Act begin to run as to each party from the time of the last payment of the allowance to him.
The right of the carrier to have its entire liability for the injury come to an end at the conclusion of one year from the time it last paid compensation, is vested by law. The use of the term “after the date of the last payment of compensation” can only have reference to the party who last paid such money allowance and cannot be expanded to include the carrier whose separate responsibility under the Act has long since ended. There is nothing inconsistent in filing a claim under Section 440.28 against the carrier while the employee is currently receiving the penalty payments under Section 440.54 from the employer. As pointed out previously, the liability of the carrier under Section 440.28 is separate and distinct from liability of the employer under Section 440.54.
Provision for reopening awards is carried in the compensation laws of most of the states. Larson’s Workmen’s Compensation Law at page 330, Vol. 2, points out that such laws are in recognition of the fact that no matter how competent a commission’s diagnosis of claimant’s condition *897 and earning prospects may be at the time of hearing, that condition may later change markedly for the worse, or may improve, or may even clear up completely. Under the typical award in the form of periodic payments during a specified maximum period, or during disability, the objectives of the legislature are best accomplished if the commission can increase, decrease, revive or terminate payments to correspond with claimant’s condition. But the administrative and practical difficulties of perpetually retaining a case to make benefits meet current conditions has led to severe limitations on the power to reópen and alter awards.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C. J., and THOMAS, MATHEWS and DREW, JJ., concur.
HOBSON, J., agrees to conclusion.
SEBRING, J., dissents.