ERVIN, Justice.
We are asked to determine whether in the captioned case the Florida Industrial Commission erred in reversing the Deputy Commissioner and holding that the employer-carrier, Respondents herein, were not obligated to pay attorney’s fees to Petitioner-claimant’s counsel for appearing at a hearing to enforce the payment of expert medical witness fees by the Respondents.
The facts pertinent to the present cause are as follows: On June 26, 1964 in Palm Beach County a hearing was held to assess a reasonable fee for the testifying by two expert medical witnesses at a hearing previously held in this controversy on March 13, 1964. The March 13 hearing resulted in an order dated April 1, 1964 requiring, inter alia, that the employer and carrier, Respondents herein, pay the costs of the hearing. Subsequent to the entry of the April 1, 1964 order, claimant’s counsel requested payment by the employer-carrier of $100 to each physician. The carrier then paid one doctor the sum of $25.00 and the other doctor the sum of $40.00 as witness fees. As a result of the Respondents’ refusal to pay the medical witnesses fees as submitted by Petitioner’s attorney, the aforementioned June 26, 1964 hearing was held in which the Deputy was to decide a reasonable fee. The hearing resulted in an order directing Respondents to pay each doctor $75.00, giving credit for those amounts previously paid, and in addition the Deputy ordered the Respondents to pay Petitioner’s attorney the sum of $150.00 as a reasonable attorney’s fee for successfully obtaining payment of the expert witness fees. While noting that no case was presented which was entirely on point, the Deputy based his decision upon his understanding and interpretation of the general policy of the Workmen’s Compensation Act to be to return to a claimant any and all benefits allowed by the Act, without his being required to pay out of his own pocket an attorney’s fee for representation. The Deputy stated that
“[i]n the event the employer/carrier is not obligated to pay the reasonable charges of expert witness fees or other costs of the hearing, the claimant would be required to do so since said charges are initially incurred by him in his attendance of witnesses by subpoena and *746 his promise to pay a reasonable fee for expert witnesses. Therefore, it is certainly of benefit to the claimant to have these charges paid by the employer/carrier, and these are charges which are properly assessable against the employer/carrier and therefore are additional benefits under the Workmen’s Compensation Law.” (emphasis added)
We concur with the aforementioned interpretation of the Deputy Commissioner.
As expressed by Mr. Justice O’Connell in City of Miami Beach v. Schiffman, 144 So. 2d 799, this Court has “on numerous occasions discussed the purpose of the Act and stated our reasons for interpreting it liberally in favor of claimants thereunder.” Also, in Ringling Bros.-Barnum & Bailey Comb. Shows, Inc. v. Jones, Fla., 134 So. 2d 244, we concluded that an award of attorney's fees was proper when there had been an award benefitting the claimant. We feel that a reasonable and logical interpretation of what is of “benefit” to the claimant requires an affirmance of the Deputy Commissioner’s holding.
We note as language apropos to the case sub judice our statement in Lockett v. Smith, 72 So.2d 817, to thqe effect that a claimant
“ * * * should not be impeded by the thought of counsel fees which may render the enterprise an empty gesture so far as he is concerned. The statutory purpose of Section 440.34(1), which is one of the few provisions of its kind in the United States, should not be nullified by restrictive interpretation. If doubt exists, it will be resolved'in favor of the working man.”
The spirit of this quotation is met and duly satisfied by the Deputy’s order directing that Respondents pay Petitioner’s attorney’s fees for efforts expended regarding the hearing called due to Respondents’ disinclination or refusal to pay the expert medical witness fees submitted by Petitioner. The full Commission’s statement that the attorney should go to the doctors for his fee since they benefitted from his service can not be sustained when it is viewed in light of the foregoing discussions and the intent of the Florida Workmen’s Compensation Act.
Consequently, that part of the order of the full Commission which reversed the Deputy Commissioner’s award of an attorney’s fee to the Petitioner’s attorney is quashed and that of the Deputy in regard to such matter is reinstated.
THORNAL, C. J., and THOMAS and DREW, JJ., concur.
CALDWELL, J., dissents.