WENTWORTH, Judge.
The appellant urges several points on appeal including a contention that the deputy commissioner erred in excusing claimant’s untimely notice of injury. § 440.185, Florida Statutes (Supp.1978). Although we affirm all points raised, the notice issue requires discussion.
On November 17, 1978, Oswalt experienced sharp pains while manually moving a steel beam off a forklift at work. His supervisor had assigned him the job of welding a jib crane, which involved moving beams weighing approximately 300 pounds with the forklift. The record supports the order which states
that the work was heavier than was required by his usual duties; that he had not been furnished a helper; that he was working outside on an unusually hot day, although he ordinarily worked inside; and that he was under time pressure to complete the job that day. Under these circumstances, I find that the claimant’s myocardial infarction did result from an unusual strain and exertion not routine to the type of work he was accustomed to performing. See Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962).
He had continuing pain, reported his symptoms, and his supervisor testified:
. he broke out in a sweat. So, I told Bob to go up in the plant and sit down and cool off a little bit . and I guess maybe thirty, forty-five minutes later I came back by and asked him if he was feeling any better and he said, “No.” So, I suggested that he call his wife and get transportation to go home

Mrs. Oswalt picked up her husband, went to the doctor’s office and then drove to the hospital where Oswalt’s heart attack was diagnosed and.treated. The next day she phoned the supervisor, advising him Oswalt had suffered a heart attack and was in the hospital. She also phoned a few days later to discuss insurance coverage but was told by one of the employer’s clerical staff, who was unaware of the foregoing events, that worker’s compensation coverage was unavailable because “it [the heart attack] didn’t happen on the job.”
After the Oswalts consulted an attorney, a formal claim for compensation was sent to appellant in late January 1979. In the order entered on the claim, the deputy found:
The claimant candidly admits that he did not give timely notice, but states that his failure to give notice was because he was unaware that his injury was compensable under the Workers’ Compensation Law. I find that he did give notice as soon as he reasonably realized that the injury was compensable; further, there is no evidence that the employer was prejudiced in any way by the late notice, (emphasis supplied)
The order would appear to be incorrect to the extent it finds lack of subjective realization of compensability to be an adequate excuse for noncompliance. 3 A, Larson. Workmen's Compensation Law, § 78.47 (1976). In the circumstances presented *1367 here, however, we find the employer had knowledge of all relevant facts affecting the basis for the claim job-related accident causing injury. The unrebutted facts show the employer knew that Oswalt became ill on the job while working on the jib crane; that he required hospitalization; and that a heart attack was diagnosed, all without significant delay. A short time later he inquired of the employer (through his wife) about worker’s compensation benefits for the heart attack. The inquiry in these circumstances was sufficient to put employer on notice of the injury when considered in conjunction with the other facts known to the employer. Cf. Tower King, Inc. v. Morris, IRC Order 2-3612 (Nov. 22, 1978). Further, as concluded by the deputy, there is no indication that the employer was prejudiced by the delayed formal notice. The employer was on notice of the injury and the ultimate conclusion on this issue was correct.
We note also that the self-executing nature of the worker’s compensation law imposes upon employers the obligation not to mislead an injured employee by information conveyed or omitted in response to his inquiry. See generally Baptist Village v. Newton, IRC Order 2-3551 (Oct. 2, 1978).
Affirmed.
LARRY G. SMITH and McCORD, JJ., concur.