405 So.2d 438 (1981)
FOSTER WHEELER ENERGY GROUP, Continental Insurance Companies, and Underwriters Adjusting Company, Appellants,
v.
Armand FAIRHURST, Appellee.
No. XX-448.
District Court of Appeal of Florida, First District.
October 14, 1981.
Rehearing Denied November 20, 1981.
*439 Joseph M. Mason, Jr., Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for appellants.
Maureen Emmet-Miller, Watson, Goldstein, Earle, Douglass & Dubbeld, St. Petersburg, for appellee.
PER CURIAM.
Upon consideration, we have concluded that the carrier's payment on January 4, 1978 of interest on compensation payable under a worker's compensation order should be deemed "compensation" within the meaning of that term as used in the two year statute of limitations provision of Section 440.19(2)(b), Florida Statutes (1979). In so deciding we follow the rationale of Lockett v. Smith, 72 So.2d 817 (Fla. 1954), and find that interest owed by the employer/carrier on sums due to the claimant for disability compensation serves to compensate the claimant, rather than to penalize the E/C. Cf. Ferlita v. Florida Art Stucco Corporation, 74 So.2d 893 (Fla. 1954). The December 14, 1979 letter from the E/C's attorney to claimant's attorney indicates that the only possible obstacle to the E/C's acceptance of liability was the receipt of medical confirmation of a causal relationship between the claimant's current ear problems and his industrial accident. We think this interpretation is one that reasonably could be made, notwithstanding the letter's further qualification "if the applicable Statute of Limitations has not expired," since the claimant's ear problems and Dr. Rubin's treatment occurred well within the two-year period, and the statute had not run when the letter was written. The E/C cannot, intentionally or otherwise, mislead a claimant into believing that his injury would be considered compensable if adequately shown by adequate medical proof to be causally related to his industrial accident, and then interpose the statute of limitations as a defense after the time for filing a formal claim has expired. Pate v. Bay County School Board, IRC Order 2-3076 (19); Shockley Plumbing Inc. v. Yarbrough, IRC Order 2-2450 (19); Catalano v. Hillsborough County Board of Public Instruction, 249 So.2d 24 (Fla.2nd DCA 1971). The December 28, 1979 letter from claimant's attorney to the E/C's attorney, enclosing a December 17, 1979 letter from Dr. Rubin relating the claimant's current ear problems to his accident, adequately demonstrates the claimant's reliance upon the indications from the E/C's attorney's letter of December 14, 1979 that the claim for medical benefits would be accepted. In view of the self-executing nature of the worker's compensation law, we conclude that the deputy commissioner's refusal to apply the statute of limitations to bar the medical claim in this instance was justified. See Southern Culvert Pipe Co. v. Oswalt, 382 So.2d 1365 (Fla. 1st DCA 1980). We also affirm the deputy commissioner's finding that Dr. Rubin's treatment of the claimant was of an emergency nature, rendering it impracticable for the claimant to seek prior authorization, and that the medical evidence was sufficient to establish a causal relation between the condition for which the claimant was treated and his prior industrial accident. We further find without merit the contention by the E/C that since no formal claim was filed, the award of attorney's fees was error. The claimant's January 15, 1980 letter requesting a hearing on his request for medical benefits satisfies the requirement of a "claim" for purposes of awarding attorney's fees. See Car Stop Unlimited, et al. v. Salmon, 404 So.2d 172 (Fla. 1st DCA 1981).
AFFIRMED.
BOOTH, LARRY G. SMITH, and SHIVERS, JJ., concur.