SHIVERS, Judge. .
This is the second appearance of this workers’ compensation case in this court. Appellants argue that the deputy commissioner erred in failing to award additional attorney’s fees due to an additional benefit attained for claimants at a hearing conducted on remand of claimants’ case from this court. We agree, reverse and remand.
In Edward J. Gerrits, Inc. v. McKinney, 410 So.2d 542 (Fla. 1st DCA 1982), this *1256 court affirmed the award of workers’ compensation benefits to appellants, affirmed the amount of attorney’s fees awarded by the deputy commissioner, but reversed and remanded the case to the deputy commissioner for a determination of who should pay the attorney’s fees awarded under section 440.34(1), Florida Statutes (1978). This court noted that the 1978 version of the workers’ compensation attorney’s fee statute requires the claimant to pay 25% of the fee award unless it is proved that the claim was handled in a “negligent, arbitrary, or capricious manner.” In such event the employer/carrier is required to pay 100% of the fee award.
Upon remand, the deputy commissioner held several hearings on the issue of whether the employer/carrier had acted in a negligent, arbitrary, or capricious manner. Based upon the evidence, the deputy commissioner found negligence and ordered the employer/carrier to pay the full amount of the attorney’s fees. Further hearings were then held on the issue of whether additional attorney’s fees were owed on the basis that claimants’ counsel had secured an additional benefit for the claimants. Attorneys for claimants maintained that such a fee was due as a result of counsels’ efforts, through several hearings, to prove that the employer/carrier had acted in a negligent manner. It was contended that claimants received a monetary benefit equal to 25% of the original attorney’s fee award which claimants were relieved of paying. The original attorney’s fees, affirmed by this court, were $20,000 on the McKinneys’ case and $15,000 on the Olsons’ case. Thus, the ruling on the employer/carrier’s negligence saved the claimants $5,000 and $3,750 respectively. Expert testimony of Attorney Howard Pelzner, an experienced workers’ compensation attorney, established that in his opinion claimants’ counsel were entitled to a reasonable fee of $1,500 for each case. Counsel for the employer/carrier maintained that there was no authority for fees under these circumstances. The deputy commissioner denied the claim for additional fees, finding that attorneys for claimants failed to establish by evidence or by law that they are entitled to an additional fee.
We first note that a literal reading of the applicable statute supports appellants’ claim. Section 440.34(1), Florida Statutes (1978), reads in pertinent part:
(1) If the employer or carrier shall file notice of controversy as provided in s. 440.20, shall decline to pay a claim on or before the 21st day after they have notice of same, or shall otherwise resist unsuccessfully the payment of compensation, and the claimant shall have employed an attorney at law in the successful prosecution of the claim, there shall, in addition to the award for compensation, be awarded a reasonable attorney’s fee ....
Id. (emphasis added). Section 440.02(11), Florida Statutes (1978), defines “compensation” as “the money allowance payable to an employee or to his dependents as provided for in this chapter.” Since section 440.34 does not require an attorney’s fee award to be paid directly to the attorney for the claimant, an attorney’s fee award under this statute could be considered a money allowance payable to an employee.
Our decision here, however, need not rest on a literal interpretation of the statute. The Florida Supreme Court has provided guidance in the form of a closely analogous decision. In Lockett v. Smith, 72 So.2d 817 (Fla.1954), the court faced the question of whether an additional attorney’s fee was due under section 440.34 for services rendered by claimant’s attorney at a hearing which resulted in an additional award of 20% of delinquent compensation payments under section 440.20(6), Florida Statutes. The court in Lockett noted that a literal reading of the statute would support an additional attorney’s fee, but the court did not find this determinative. Rather, the court analyzed the “penalty” of section 440.20 from a public policy point of view “to determine whether or not it may be regarded as the kind of payment whose recovery should be attended by a reasonable fee for counsel necessarily employed.” 72 So.2d at 819. The court found that the purpose of the 20% delinquency payment was to reim *1257 burse or compensate the claimant for any injury he may have suffered as a result of the delinquency, and the court decided that claimant should not be impeded in his attempt to obtain such an award by the thought of counsel fees. See also Poyntz v. William Adeimy, Inc., 190 So.2d 745 (Fla.1966); Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981).
In the instant case, it would appear that the 75%/100% dichotomy in the 1978 attorney’s fee statute was intended to compensate claimants for attorney’s fee payments in situations where the employer/carrier was negligent, arbitrary, or capricious. As in Lockett, we think that a claimant should not be impeded in his attempt to obtain a finding of negligence, arbitrariness, or capriciousness against the employer/carrier by the thought of counsel fees. Since only the source, and not the amount, of attorney’s fees is affected by a finding of negligence, arbitrariness, or capriciousness, there would appear to be little incentive for counsel to attempt to prove negligence, arbitrariness, or capriciousness unless an additional fee would accompany these efforts.
Accordingly, the order of the deputy commissioner dated October 19, 1982, is reversed, and this cause remanded for determination of reasonable attorney’s fees.
REVERSED and REMANDED.
MILLS and BOOTH, JJ., concur.