SHIVERS, Judge.
Claimant appeals the deputy commissioner’s finding that his claim for medical benefits was barred by the statute of limitations. We reverse.
The claimant in this case suffered a com-pensable work-related injury on June 26, 1980, and was provided with medical care and TTD benefits through October 31, 1980, and with wage-loss benefits through February 4, 1981. On March 16, 1980, for reasons not relevant to this appeal, claimant began serving a three-year federal prison sentence. While in prison, he made several attempts to receive information regarding workers’ compensation benefits from a Ms. Arciola, the adjuster handling his claim. The first contact was by letter dated May 15, 1981, in which claimant informed Arciola that he was in prison and *991 was receiving physical therapy. He stated that, because of the injury, he had not been given a “duty assignment” and thus was making no money. He asked Arciola to investigate the matter.
Claimant wrote a second letter to Arciola on October 9, 1981, informing her that he had been transferred to Tallahassee, that a doctor had ordered that he was not eligible to “work for the industry,” that he was doing light work in the clothing room but had received no pay so far. He stated that he had signed a release for medical records as requested and asked Arciola to respond without delay. When claimant failed to receive a response to his October 1981 letter, he telephoned Arciola on January 13, 1982. As to their conversation on that date, Arciola testified at the hearing below as follows:
Mr. Boyd contacted me to inquire about possible benefits while he was in prison and I explained to him at that time that there was absolutely nothing I could do for him as long as he was in prison and if he continued to have a problem after he was out of prison, that he should contact me then. He advised that he would be getting out in September and I actually made a file notation that I expected to hear from him at that time.
Arciola’s “file notation” stated the following:
Claimant called from prison. Explained we could not pay while he is in prison. He believes he is getting out in September and I’m sure I will hear from him then.
The claimant, Mr. Boyd, testified at the hearing that he did not tell Arciola when he would be released from prison, as he did not know himself until two weeks prior to his release.
The statute of limitations on Boyd’s claim ran on February 4, 1983. Section 440.19(2)(b), Florida Statutes (1979). Boyd was released from prison on July 11, 1983, and filed a claim for benefits on August 3, 1983. At a hearing limited to the statute of limitations issue, claimant alleged that the Employer/Carrier (E/C) were estopped from asserting the statute of limitations as a defense since claimant had relied to his detriment on the carrier’s misrepresentation. The deputy commissioner found each element of estoppel to be missing and held that Boyd’s claim was barred by the statute of limitations.
On appeal of the deputy commissioner’s order, claimant has again raised the estop-pel argument and analogizes the instant case to Quality Shell Homes & Supply Company v. Roley, 186 So.2d 837 (Fla. 1st DCA 1966). In that case, an injured construction worker failed to file a workers’ compensation claim in reliance on his employer’s erroneous statement that the company had no workers’ compensation insurance. As an alternative, the plaintiff filed a negligence action against his employer, which the employer then defended on the ground of the exclusive remedy provision of the workers’ compensation statute. The lower court held, and this court agreed, that the employer was estopped from claiming the exclusive remedy provision as the claimant had made a detrimental change in his position in reliance on the defendant’s misrepresentation.
We feel the facts of the instant case are distinguishable from those in the Quality Shell case. In Quality Shell, the injured worker was told categorically that his employer did not have workers’ compensation insurance. Therefore, the plaintiff had no reason to file a workers’ compensation claim and was justified in his actions. In the instant case, however, the claimant was not told that there was no workers’ compensation coverage (in fact, the claimant had already received workers’ compensation benefits), but was instead given an erroneous statement of the law by the carrier. We do riot wish, in all cases, to condone a claimant’s inaction, and we note that the proper course in most cases would be for the claimant to challenge a denial of benefits by filing a claim. Nonetheless, we believe that the nature of the carrier’s misstatement in this case does necessitate a finding of estoppel.
*992 In the instant case, the carrier unequivocally stated that workers’ compensation benefits were not payable so long as the claimant remained in prison. Moreover, the record indicates that Arciola told Boyd to call her when he got out of prison, a statement which would seem to intimate that benefits would be payable once the claimant was released from prison. In fact, Arciola noted in her file that she expected to hear from claimant after his release. Had Arciola’s understanding of the situation been based solely on claimant’s assurance that he would be released in September of 1982 — before the running of the Statute of Limitations — the outcome of this case might be different. There is no indication in the record, however, that this information (assuming the claimant did make such a statement) in any way affected Arciola’s advice. To the contrary, Arcio-la’s testimony indicates that she simply believed that workers’ compensation benefits were not payable to prisoners.
Thus, Arciola’s statement to claimant seems to indicate her belief that, while benefits were not available to claimant while he remained in prison, he would be able to pursue a claim upon his release— advice which was clearly erroneous in Mr. Boyd’s case. Since we find that the claimant detrimentally, changed his position due to his reliance on the carrier’s statement, we also find that the employer/carrier are estopped from asserting the statute of limitations as a defense to appellant’s claim.
Accordingly, the deputy’s order is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
SMITH and BARFIELD, JJ., concur.