SCHEB, Acting Chief Judge.
Jimmie Henderson, Paul Runner, and Henry Richardson, plaintiffs below, appeal a trial court order dismissing their complaints against Southern Cucumber Company, Jack Eason, and Alan Levy, defendants below. We affirm.
Plaintiffs are farmers who raise cucumbers in Hardee County. From 1976 through 1980 they delivered their cucumbers to Southern, a licensed agricultural products dealer, to be sold for them. Ea-son and Levy were employees of Southern.
In 1981, the plaintiffs filed an action against defendants with the Department of Agriculture under section 604.21(1), Florida Statutes (1979). They sought an accounting only for the cucumbers that they had delivered to Southern in 1980. The administrative hearing officer found that Southern was required to account to plaintiffs because it was not a cash buyer. The Department adopted the hearing officer’s recommended order and Southern appealed to the First District Court of Appeal. The *521 first district upheld the final order with modifications. Southern Cucumber Co. v. Henderson, 432 So.2d 771 (Fla. 1st DCA 1983).
After initiating their action before the Department, the plaintiffs filed suits in circuit court against the defendants asserting similar claims for 1980 and “for a period of more than four years prior thereto.” They alleged, among other things, that defendants’ fraudulent concealment of facts gave rise to their cause of action.
Defendants moved to dismiss plaintiffs’ circuit court suits primarily on the ground that the plaintiffs had failed to exhaust their administrative remedies before the Department of Agriculture.
The trial court dismissed with prejudice the plaintiffs’ complaints concerning their pre-1980 claims on the ground that they had failed to exhaust their administrative remedies provided in chapter 604. The court dismissed their 1980 claims because plaintiffs had “failed to exhaust the administrative remedies sought and pending before the Department of Agriculture” without prejudice to their pursuing their administrative remedies. Plaintiffs’ appeal on their pre-1980 claims ensued.[1]
On appeal, the plaintiffs contend that, by the time they discovered defendants’ fraudulent actions, the nine-month limitation period for presenting their pre-1980 claims to the Department had expired. § 604.21(1). Thus, they argue that the doctrine of exhaustion of administrative remedies did not require them to file these older claims with the Department. To do so, they asserted, would be useless in view of the nine-month statutory limitation period.
We reject the plaintiffs’ argument that administrative relief was unavailable to them because of the nine-month limitation period. Fla.R.Civ.P. 1.110(d). Legal principles concerning statutes of limitations apply to administrative agencies, as well as judicial forums. See, e.g., Catalano v. Hillsborough County Board of Public Instruction, 249 So.2d 24 (Fla.1971); Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981). Thus, in resolving claims against licensed produce dealers, it is incumbent upon the Department of Agriculture to recognize and apply these principles. Had the defendants raised a defense based on the statute of limitations and had the plaintiffs established that the defendants fraudulently concealed facts giving rise to the plaintiffs’ cause of action against defendants, then the defendants could not have successfully defended on the basis of the time limitation prescribed in section 604.21(1). See Catalano; Foster Wheeler Group.
Accordingly, we hold the trial court properly dismissed the complaints as to the pre-1980 claims of the plaintiffs.
SCHOONOVER and FRANK, JJ., concur.

. Plaintiffs admit in their brief that they do not contest the portion of the trial court order requiring them to exhaust any remaining administrative remedies regarding their 1980 claims; therefore, that issue is not before us.