NIMMONS, Judge.
The claimant challenges the deputy commissioner’s ruling that his claim for workers’ compensation benefits is barred by the statute of limitations. We agree with appellant that the employer/carrier is es-topped from asserting the defense of statute of limitations, and therefore reverse.
Appellant was employed as a delivery driver by Rapid Express Service, a corporation operated by James and Marti Creel-man. Rapid Express Service apparently did not carry workers’ compensation insurance. Shortly before appellant’s accident, Rapid Express Service was purchased by Rapid Express Parcel Delivery of Tampa, which did have workers’ compensation coverage. Appellant continued his duties after the change of ownership, and the Creel-mans remained in their capacity as his supervisors.
Appellant was allegedly injured when he came into contact with an exposed electrical outlet while making a delivery. Appellant reported the incident but did not initially seek medical attention. When he began experiencing physical problems, he informed the Creelmans that he needed medical attention. They told him that there was no workers’ compensation coverage available and that he was on his own. Creel-man apparently believed that both he and appellant were independent contractors and were therefore not covered by the employ *279 er’s workers’ compensation policy.[1] Appellant then pursued a civil suit against the owner of the premises where he was injured. After that suit was concluded,[2] appellant filed a claim for benefits. Since the claim was filed more than two years after appellant’s injury, the E/C asserted that the claim was time-barred under Section 440.19(l)(a), Florida Statutes (1983).
Appellant testified that when the Creel-mans told him that they had no workers’ compensation coverage, he was unaware that Rapid Express Service had been taken over by Rapid Express Parcel Delivery of Tampa and first learned of this fact on the last day of the trial of his civil suit. The deputy rejected this testimony and found appellant’s claim barred by the statute of limitations.
The self-executing nature of the Workers’ Compensation Act imposes upon employers a duty not to mislead injured employees by information conveyed or omitted in response to an employee’s inquiry. Southern Culvert Pipe Co. v. Oswalt, 382 So.2d 1365 (Fla. 1st DCA 1980).
Where the E/C, intentionally or otherwise, misleads the claimant as to his rights or the availability of workers’ compensation benefits with the result that the claimant fails to timely file his claim, the E/C will be estopped from asserting the statute of limitations as a defense. Boyd v. Florida Memorial College, 475 So.2d 990 (Fla. 1st DCA 1985); Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981); Catalano v. Hillsborough County Board of Public Instruction, 249 So.2d 24 (Fla.1971); Jenkins v. M.H. Harrison Construction Company, 228 So.2d 911 (Fla.1969); Engle v. Deerborne School, 226 So.2d 681 (Fla.1969); Howanitz v. Biscayne Electric, Inc., 139 So.2d 678 (Fla.1962); Baptist Village v. Newton, IRC 2-3551 (1978), cert. denied, 368 So.2d 1362 (Fla.1979).
In Boyd, supra, the statute of limitations ran on Boyd’s claim while he was in prison. We held that the E/C was estopped from asserting the statute of limitations as a defense because the adjuster handling his claim had mistakenly led him to believe that benefits were not available to him while he was imprisoned. In Baptist Village, supra, the Industrial Relations Commission affirmed a finding of estoppel where the claimant was told that no medical treatment was available because the employer was facing bankruptcy.
We find it irrelevant that the deputy rejected appellant’s testimony that he was unaware of the true identity of his employer. The critical fact is that when appellant attempted to exercise his rights under the Workers’ Compensation Act, he was prevented from doing so by an apparently unintentional misrepresentation by his employer.[3]
Accordingly, the deputy should have found that the E/C was estopped from asserting the statute of limitations as a defense.
The order dismissing appellant’s claim for untimeliness is therefore reversed and remanded for further proceedings consistent with this opinion.
WENTWORTH and ZEHMER, JJ., concur.

.Whether Creelman was correct in this belief is not at issue in this appeal. The statute of limitations issue was the only question reached by the deputy, and is the only issue before this court. For purposes of this appeal we assume, without deciding, that appellant was covered under the E/C’s policy.

. The record does not indicate the outcome of this suit, but it appears to have been unsuccessful.

. Appellees’ assertion that appellant could not reasonably rely upon the Creelmans' statements because they did not have the "apparent authority” to bind their employer is without merit.