Mr. David P. Kirwan Attorney Monroe County Code Enforcement Board Post Office Box 67 Marathon, Florida 33050
Dear Mr. Kirwan:
As attorney for the Monroe County Code Enforcement Board, you have asked the following questions:
 1. Does s. 95.11(3), F.S., or any other statute of limitations, apply to a hearing before a code enforcement board established by Ch. 162, F.S.?
 2. If the answer to the preceding question is "yes," for the purpose of determining when the statute of limitations begins to run, is each day of noncompliance considered to be a separate offense?
In sum:
 Chapter 162, F.S., prescribes no limitations period during which prosecutions of violations of municipal codes must be commenced nor am I aware of any other statute of limitations which may apply. However, s. 162.11, F.S., requires that an appeal from a final administrative order of an enforcement board must be made to the circuit court within 30 days of the execution of the order.
The information you have submitted reveals that the Monroe County Code Enforcement Board has been advised in the past that provisions of s. 95.11(3), F.S., prohibit the prosecution of a violation before the board when the construction constituting the violation was completed more than four years prior to the filing of the action. However, you question the validity of such advice and ask for this office's opinion.
Ch. 162, F.S., as amended by Ch. 89-268, Laws of Florida, is a special, statutorily-created mechanism authorizing counties to create quasi-judicial administrative code enforcement boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances in force in counties.[1]
The enactment of this chapter was necessary for creation of administrative enforcement procedures and the imposition of administrative fines by local governing bodies in light of the provisions of s. 1, Art. V, and s. 18, Art. I, State Const. These constitutional provisions state, respectively, that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law.
The "Local Government Code Enforcement Boards Act," ss.162.01-162.13, F.S., as amended, grants to the governing bodies of local governments the option of creating or abolishing by ordinance such boards having the powers and duties provided by the act. However, if a local governing body utilizes the enforcement mechanism and procedures provided for in Ch. 162, it must accept the prescribed enforcement boards and the enforcement procedures as set forth therein.[2]
If a violation of the codes is found, the code inspector is to notify the violator and give him or her a reasonable time to correct the violation. If the violation continues beyond the time specified for correction, the code inspector is to notify the enforcement board and request a hearing. A hearing is to be scheduled and written notice of the hearing shall be hand delivered or mailed to the violator. If the violation is corrected and then recurs or if the violation is not corrected by the time specified for correction by the code inspector, the case may be presented to the enforcement board even if the violation has been corrected prior to the board hearing.[3] If a repeat violation is found, the code inspector is to notify the violator but is not required to give the violator a reasonable time to correct the violation. Upon advising the violator of a repeat violation, the code inspector shall notify the enforcement board and request a hearing. The case may be presented to the enforcement board even if the repeat violation has been corrected prior to the board hearing.[4]
An enforcement board, upon notification that an order of the board has not been complied with by the time set or upon finding that a repeat violation has been committed, may order the violator to pay a fine as specified in the statute for each day the violation continues past the date set by the enforcement board for compliance, or in the case of a repeat violation, for each day the repeat violation continues past the date of notice to the violator of the repeat violation.[5]
The act provides that:
 An aggrieved party, including the local governing body, may appeal a final administrative order of an enforcement board to the circuit court. Such an appeal shall not be a hearing de novo but shall be limited to appellate review of the record created before the enforcement board. An appeal shall be filed within 30 days of the execution of the order to be appealed.[6]
You ask what statute of limitations applies to these enforcement proceedings.
A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues.[7] Florida's statutes of limitations, which are generally applicable to "civil action[s] or proceeding[s]," are contained in Ch. 95, F.S.[8]
However, it is the general rule that the statutes of limitation are not applicable to special proceedings or special statutory remedies.[9] The statute which prescribes the periods of limitation with respect to particular actions ordinarily applies only to those situations where it is necessary to institute an action to reduce a claim to judgment before it can be enforced.[10]
The "Local Government Code Enforcement Boards Act" would appear to be a special, statutorily-created administrative remedy to facilitate the enforcement of local codes and ordinances and to secure compliance with those codes rather than a procedure to reduce a claim to judgment. Therefore, it is my opinion that the statutes prescribing limitation periods contained in Ch. 95, F.S., do not apply to those proceedings instituted pursuant to Ch. 162, F.S.
While courts of this state have indicated that statutes of limitation do apply to certain administrative agencies, in each of those cases, the statutory chapter involved contained a specific limitation provision.[11] No such provision is contained in Ch.162, F.S.
Violations of local code provisions as contemplated by Ch. 162, F.S., would appear to be in the general nature of those which take their inception upon knowledge on the part of the officer empowered to act, i.e., the code inspector.[12] However, the only statute of limitation to which I can direct your attention as applicable to Ch. 162, F.S., is that contained in s. 162.11, F.S. This section imposes a limitation upon the filing of an appeal of a final administrative order of an enforcement board to the circuit court and provides that "[a]n appeal shall be filed within 30 days of the execution of the order to be appealed."
Therefore, it is my opinion that s. 95.11(3), F.S., does not apply to limit actions brought for the enforcement of local codes pursuant to Ch. 162, F.S., nor am I aware of any other statute, with the exception of s. 162.11, F.S., which prescribes a period of time in which enforcement of local government codes must proceed. In the absence of any legislative or judicial direction, you may wish to seek declaratory action to resolve this matter.
Sincerely,
Robert A. Butterworth Attorney General (gh)
[1] Section 162.02, F.S., as amended by s. 1, Ch. 89-268, Laws of Florida.
[2] See, AGO's 86-10, 85-84, 85-27, and 84-55.
[3] Section 5, Ch. 89-268, Laws of Florida.
[4] Id., amending s. 162.06(3), F.S.
[5] Section 8, Ch. 89-268, Laws of Florida, amending s.162.09(2)(a), F.S., which provides that "[a] fine imposed pursuant to this section shall not exceed $250 per day for a first violation and shall not exceed $500 per day for a repeat violation."
[6] Section 162.11, F.S.
[7] See generally, 54 C.J.S. Limitations of Actions s. 4; and see, State, Department of Health and Rehabilitative Services, on Behalf of Gillespie v. West, 378 So.2d 1220 (Fla. 1979).
[8] See, s. 95.011, F.S.
[9] See, 35 Fla.Jur.2d Limitations and Laches s. 15. Cf., The Florida Bar v. McCain, 361 So.2d 700 (Fla. 1978) (there is no express statute of limitation governing attorney discipline proceedings; the statutory bar against actions at law has no application in a disbarment proceeding); Parker v. Thomas,185 So.2d 511 (2 D.C.A.Fla., 1966) (a statute of limitations on claims against the county did not bar a county judge's claim for additional compensation pursuant to a statute fixing the judge's salary).
[10] Id.
[11] See, Catalano v. Hillsborough County Board of Public Instruction, 249 So.2d 24 (Fla. 1971) (a worker's compensation case in which the Court considered whether a claim was barred by the two year statute of limitations in s. 440.19, F.S.); Henderson v. Southern Cucumber Company, Inc., 478 So.2d 520 (2 D.C.A.Fla., 1985) (involving a complaint against an agricultural products dealer for an accounting wherein the court considered s. 604.21(1), F.S., which provides that a complaint against a licensed agricultural products dealer must be filed within nine months from the date of sale or the date of receipt of agricultural products); Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (1 D.C.A.Fla., 1981) (worker's compensation case in which the court reviewed an award of worker's compensation benefits and applied s.440.19(2)(b), F.S., which provides a two year statute of limitations).
[12] See, s. 162.06(2), F.S., as amended by s. 5, Ch. 89-268, Laws of Florida, stating that "if a violation of the codes is found, the code inspector shall notify the violator and give him a reasonable time to correct the violation" (e.s.); s. 162.09(1), F.S., as amended by s. 8, Ch. 89-268, Laws of Florida, stating that "[a]n enforcement board, upon notification by the code inspector that an order of the enforcement board has not been complied with by the set time or, upon finding that a repeat violation has been committed, may order the violator to pay a fine . . ." (e.s.); and 9A McQuillin, Municipal Corporations s. 27.08. Cf., 9A McQuillin, Municipal Corporations s. 27.56, relating to the defense of estoppel to municipal enforcement of ordinances which states that such a defense may not be founded on mere nonaction of municipal officers, there must have been some positive acts by such officers that have induced the action of the adverse party.