THOMAS, Justice.
The deputy commissioner awarded compensation benefits to the claimant, Redner, and the Full Commission affirmed the order.
The challenge of the award is presented in the petition of the employer and carrier on the grounds that no competent substantial evidence supported the decision and that the claimant admittedly falsified in the pre-employment questionnaire.
The cross-petition of the claimant assaults the failure of the deputy commissioner to assess penalties for past due compensation and for declining to direct payment of certain charges of Tampa General Hospital and a Dr. Miller, orthopedist.
We treat of the problems in that order.
The employer and carrier did not contest the employer-employee relationship but they did vigorously dispute the validity of the claim or, rather, the sufficiency of the evidence to establish one.
Supposedly the claimant was injured during his employment about 18 June 1965 *322 when he moved a barrel filled with cans of beer and felt a “slip” in his back. Evidently he was not particularly concerned about the experience for he testified he did not think anything about it and continued to work. Later, in the night, he got an ache in his stomach and his head. He then reported his ailment to his foreman but he did not tell the foreman that he was injured on the job or about moving the beer and swore that he did not because he thought that it was his rectum. This was prompted by the recollection that he had undergone a hemorrhoidectomy two years before.
Finally, he consulted a physician who told him there was no rectal trouble and advised him to consult a bone specialist. The orthopedist of his choice was not available so he eventually came into the care of Dr. Miller. He was asked whether or not about this time he had thought that he was injured while working and gave the inconclusive answer that he “might have thought about it, a lot of thoughts ran through [his] mind, but nothing specific.”
Now in the hands of Dr. Miller he stated by way of his history that he had hurt his back while skating eight years previously. He admitted he lied and said he did so to get into the hospital. After a week had elapsed, he got in touch with Dr. Boling whom he wished to see in the beginning and he told this doctor he was hurt while lifting a “trash can”.
At this time, a week after the supposed accident, he first reported to his employer that he had been injured.
About August 8 claimant went back to work and he has been doing his full job ever since.
While we have no thought of departing from the rule that it is within the deputy’s province to reconcile conflicts in testimony and to base his conclusions on facts he believes to be true, it is elementary that such testimony as he accepts must be competent, substantial and in accordance with reason. We do not find that the testimony in this case has those qualities. It is permeated with inaccuracies and inconsistencies and with demonstrations of faulty memory, not to mention the admission of the claimant that on occasion he deliberately lied when it served his purpose.
We conclude that the claim was not firmly established and that it should have been denied.
This conclusion is buttressed by our answer to petitioner’s second question about the misrepresentation in the pre-employment questionnaire. He was asked if he had had back trouble and he replied in the negative. He was asked if he had had an operation and revealed only that he had undergone an adenoidectomy and tonsillectomy but did not reveal that he had had a hem-orrhoidectomy, although subsequently he was sure that his back trouble was attributable to this. His pre-employment representations were rank falsehoods which cannot be dissipated by the argument that they were inconsequential, and the falsity of them throws suspicion on all his testimony. “Falsus in uno, falsus in omnibus.”
The order of the Full Commission affirming the deputy’s conclusions is quashed with directions to dismiss the claim.
Since the claim is to be cancelled, there is no need to pass on the question presented by the cross-petition with reference to penalties for deferred payments.
THORNAL, C. J., and O’CONNELL and ERVIN, JJ., concur.
DREW, J., dissents with Opinion.