515 So.2d 243 (1987)
Judith M. ALFONSO, Appellant,
v.
MAC DINTON's RESTAURANT and Florida Insurance Guaranty Association, Appellees.
No. BK-108.
District Court of Appeal of Florida, First District.
July 6, 1987.
On Motion for Rehearing November 10, 1987.
*244 Michael A. Linsky, of Linsky, Reiber & Scruggs, Tampa, for appellant.
John S. Smith, of Marlow, Shofi, Smith, Hennen, Smith & Slother, P.A., and William T. Fussell, Tampa, for appellees.
SHIVERS, Judge.
Judith Alfonso (claimant) appeals from the deputy commissioner's order finding she failed to give her employer notice of a work-related injury within 30 days. Claimant raises the following two issues in this appeal: (1) whether the employer's knowledge of her accident constituted adequate notice of her back problem for purposes of section 440.185(1)(a), Florida Statutes (1985); (2) and whether, in the circumstances of the instant case, claimant's unmanifested back injury extended the time for giving notice to her employer until it became apparent several weeks later. We reverse.
Claimant injured herself on March 29, 1985, when she slipped and fell on her buttocks in a walk-in cooler at appellee's restaurant where she was working as a prep cook. Claimant returned to work shortly after her fall, pausing only briefly to put ice on her arm which she had also injured in the accident. Claimant continued to work until May 3, 1985. On May 6, 1985, claimant drove to the place of her employment and spoke to one of the restaurant's owners, Mr. Mazzarelli, about her injury. During their conversation, claimant explained to Mazzarelli that she had injured her back while working at the restaurant. Mazzarelli and claimant decided she should seek medical treatment for her back at a hospital. On the same day, claimant drove to a hospital where she was admitted for the purpose of determining the nature and extent of her injuries. She remained in the hospital from May 6 until May 17, 1985.
On August 30, 1985, the deputy commissioner held a hearing to determine whether claimant was entitled to workers' compensation benefits. The deputy commissioner denied claimant's claim, stating in his order that she "failed to give notice of ... [her] accident within the time (30 days) required by law."
Section 440.185(1)(a), Florida Statutes (1985), provides the statutory time limit within which an employee must notify his employer of a work-related injury:
Within 30 days after the date of injury, the employee shall give notice of such injury to the employer. However, failure to give such notice shall not be a bar to any claim under this chapter unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect to such injury or death, and if:

*245 (a) the employer or the agent thereof in charge of the business in the place where the injury occurred or the carrier had knowledge of the injury, and the deputy commissioner determines that the employer or carrier has not been prejudiced by the employee's failure to give such notice... .
The central question in this appeal is whether claimant's employer had knowledge of her injury at the time it occurred. The answer to this question depends on what the Legislature meant by the word "knowledge," as it is used in section 440.185(1)(a). There was conflicting testimony at the hearing as to whether claimant communicated to her employer that her back injury occurred as a result of her fall on March 29, 1985. Claimant testified that Mr. Davis, one of her employers, actually saw her fall in the walk-in cooler on the day of her injury. Mr. Davis denied ever having seen Alfonso fall. As to this contradictory testimony, we recognize that it is within the deputy commissioner's province to reconcile conflicts in testimony and base his conclusions on facts he believes to be true. Anheuser-Busch, Inc. v. Redner, 198 So.2d 321 (Fla. 1967). However, the record discloses other facts which lead us to believe that reversal of the deputy commissioner's order is warranted.
Davis testified at the hearing before the deputy commissioner that on the day of the accident he heard claimant exclaim from the freezer in which the injury occurred that she had hit her arm on the freezer's rack. Davis further indicated that he asked claimant if she was all right and that she replied she thought so. We hold that these facts indicate that the employer was amply supplied with "knowledge" of claimant's injury sufficient to comply with the notice provision of section 440.185(1)(a). Subsection (1)(a) of section 440.185 is ambiguous in its terms and thus is susceptible to two different interpretations, one favoring the employer/carrier, and one favoring the claimant. In the first interpretation, the prepositional phrase "in the place where the injury occurred" suggests that the employer must have actually witnessed the accident in order to have had "knowledge" of it. In the second interpretation, the same phrase suggests that the employer whose job is to supervise the particular location where the claimant was injured may become aware of claimant's injury either through actually witnessing the accident, or through learning of it in any reasonable way. We find the second interpretation to be the more persuasive one, and hold that it is unnecessary for an accident to have occurred in the direct view of the employer in order for the notice provision of section 440.185(1)(a) to be invoked, and that the provisions of the statute are satisfied whenever the employer becomes reasonably aware of the accident as did the employer here when he heard claimant scream from the cooler that she had hurt her arm.
This conclusion is supported by our recognition that chapter 440 should be construed liberally in favor of claimants and compensation; see Topeka Inn Management v. Pate, 414 So.2d 1184 (Fla. 1st DCA 1982); Hardaway Construction v. Brooks, 416 So.2d 837 (Fla. 1st DCA 1982); and by the Florida Supreme Court's acknowledgment that given two disparate constructions of the statute's provisions, one favoring recovery and the other prohibiting it, the former interpretation is to be preferred. Kerce v. Coca-Cola Company-Foods Division, 389 So.2d 1177, 1178 (Fla. 1980) (citing Henderson v. Sol Walker & Co., 138 So.2d 323, 327 (Fla. 1962). We also note parenthetically that the employer in the instant case had no procedures, written or oral, for reporting on-the-job accidents, thus leaving claimant to believe there was nothing further to discuss with him in light of his having been at the scene of the accident when it occurred. Our resolution of the first issue in this appeal makes it unnecessary for us to consider the questions presented under issue number two. Our resolution of the first issue in this appeal makes it unnecessary for us to consider the questions presented under issue number two.
REVERSED.
ERVIN and ZEHMER, JJ., concur.

*246 ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellees, Mac Dinton's Restaurant and its workers' compensation carrier, the Florida Insurance Guaranty Association, move for rehearing contending our original opinion misapprehended the notice requirements of section 440.185(1)(a), Florida Statutes (1985). Appellees acknowledge that section 440.185(1)(a) does not require an accident to have occurred within the direct view of the employer in order for the statute's notice requirement to be met. They also admit that an accident occurred on March 29, 1985, in which claimant injured her arm. Nevertheless, appellees maintain our original decision was flawed because the employer did not have knowledge of the claimant's back injury within 30 days after it occurred on March 29, 1985. In other words, the notice requirements of section 440.185(1)(a) are not met unless the employer receives knowledge of the claimant's specific injury. Although we do not recede from the holding of our opinion, we do find it appropriate to address and clarify certain matters.
It is clear from the record that the employer had knowledge that the claimant was involved in an accident in the course of her employment. She immediately complained of injury to her arm, and the employer had notice of this fact within 30 days. The back injury that is the subject of this appeal did not manifest itself for several more weeks.
In our view, the 30-day notice requirement was satisfied when the employer gained knowledge that claimant was involved in an accident during the course of employment and that the accident caused an injury to claimant. The notice need not detail every facet of the injury sustained; it is sufficient that the employer have notice of an injury. Notice is required so that the employer may investigate the occurrence and determine for itself whether the accident is compensable and the extent of the injury. The fact that the back injury did not manifest itself immediately and did not cause claimant sufficient concern to inform her employer of it until May does not invalidate the notice compliance based on the complaint of an arm injury.
ERVIN and ZEHMER, JJ., concur.