WENTWORTH, Judge.
Claimant appeals a workers’ compensation order by which his claim was dismissed upon a determination that it is barred by the statute of limitations. We find that the two year limitations period under section 440.19(1), Florida Statutes, does not bar the claim in this case, and we therefore reverse the order appealed.
A handwritten pro se claim was filed with the Division of Workers’ Compensation in October 1987, by which claimant sought benefits for an April 1985 accident. At a hearing on the claim the accident was described as occurring when claimant was struck in the head by a door, and claimant’s testimony indicates that he notified both his supervisor and the employer’s owner of this incident. After claimant subsequently developed arm and hand problems he was seen by several physicians. The evidence presented at the hearing suggested that claimant did not initially realize that these problems may have been related to the industrial accident, as he had experienced prior arm and hand difficulties. However, by the time surgery was performed in October 1985 claimant had become aware, through inquiries made by his surgeon, that his new problems could have been produced by the blow to his head. Claimant testified that he then repeatedly attempted to contact his employer, but was always advised that the employer’s representative was unavailable. Claimant thereafter contacted a Division of Workers’ Compensation worker, who referred claimant to the employer’s servicing agent. When the servicing agent was not cooperative claimant again spoke with the worker at the Division of Workers’ Compensation, and was informed of the two year limitations period. Claimant testified that he was told to write to the servicing agent. By a letter which was dated less than two years after the date of his industrial accident,[1] claimant informed the servicing agent of both the circumstances of the accident and his continuing medical problems. A similar letter was sent to the employer. Claimant also again contacted the servicing agent by telephone, and was told that the matter would be investigated. When the employer/servicing agent subsequently filed a notice to controvert claimant then filed his handwritten claim with the Division of Workers’ Compensation.
Although the judge found that claimant had sustained a compensable accident of which he gave timely notice to the employer, and that claimant did not immediately realize that his subsequent symptoms were related to the industrial accident, the judge *240 nevertheless determined that the claim is barred by the statute of limitations. The judge reached this conclusion despite finding that neither the employer nor the servicing agent advised claimant of his rights and obligations under chapter 440.
Section 440.19(1), Florida Statutes, imposes a two year limitations period, but this time period does not commence until a reasonable person would recognize “the nature, seriousness and probable compensa-ble character of his injury or disease.” See Herb’s Exxon v. Whatmough, 487 So.2d 1169 (Fla. 1st DCA 1986). And the doctrine of estoppel may apply to a limitations defense under section 440.19. See Howanitz v. Biscayne Electric Inc., 139 So.2d 678 (Fla.1962); Boyd v. Fla. Memorial College, 475 So.2d 990 (Fla. 1st DCA 1985); see also, Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981).
While the employer in the present case denied having received notice of claimant’s injury, the deputy found that claimant did give such notice. The notice given was sufficient to satisfy claimant’s initial obligation, even though additional symptoms developed later. See Alfonso v. Mac Dinton’s Restaurant, 515 So.2d 243 (Fla. 1st DCA 1987), on motion for reh. The employer was thus in turn obligated to furnish notice to the Division of Workers’ Compensation. See section 440.185(2), Florida Statutes. The Division would then have been required to send claimant an informational brochure which included a summary of the rights, benefits, and obligations pertaining under chapter 440. See section 440.185(4), Florida Statutes. But the employer’s failure to furnish the Division with notice precluded claimant’s receipt of such information in this case, so that claimant was not promptly informed of the time limits or procedures for filing a claim. And when claimant later contacted the employer’s servicing agent as to this matter he again encountered some resistance and was not advised as to the necessary procedures. While an affirmative misrepresentation might not have been made, the actions of the employer and servicing agent did frustrate claimant in the ability to timely pursue his claim, and in these circumstances the claim should not be barred by a strict application of the limitations period in section 440.19(1), Florida Statutes.
The order appealed is reversed and the cause remanded.
BOOTH and MINER, JJ., concur.

. The judge found that this letter was received on the last day of the limitations period. We do not find this date to be crucial to our disposition of this case on the basis indicated herein. We therefore do not address what impact this date, or the date relating to claimant’s other letters and telephone contacts, may have upon any alternative basis for disposition with regard to the limitations issue.