725 So.2d 425 (1999)
CLAY COUNTY SCHOOL BOARD and Alexsis, Inc., Appellants,
v.
Pamela ROBISON, Appellee.
No. 97-4546
District Court of Appeal of Florida, First District.
January 27, 1999.
Frank K. Calhoun of Frank K. Calhoun, P.A., Jacksonville, for Appellants.
Michael J. O'Rourke of O'Rourke & Griggs, P.A., Jacksonville, for Appellee.
BENTON, J.
The Clay County School Board and Alexsis, Inc. (Clay County) appeal an order of the judge of compensation claims determining Pamela Robison's wrist problems to be compensable and awarding benefits accordingly. Ms. Robison's petition for benefits alleged dates of accident of June 6, 1995, and September 11, 1995. Because the judge of compensation claims did not apply the statutory standards governing notice of injury and causation which came into effect on January 1, 1994, Ch. 93-415, at 62, Laws of Fla., we reverse and remand for consideration in light of chapter 93-415, section 2, at 73, and section 22, at 132 (codified respectively at §§ 440.02(32) and 440.185(1), Fla. Stat. (1995)).
Ms. Robison worked for the Clay County School Board as a special education teacher. On June 6, 1995, she felt pain in her wrists while filling out forms, making year-end reports, and packing up her classroom materials. At a previously scheduled doctor's appointment several days later, she told her doctor that she thought her wrist pain was related to her end-of-year duties at school.
Thereafter, on June 21, 1995, another physician, Dr. Hardy, diagnosed bilateral DeQuervain's tenosynovitis and prescribed a Freedom Thumb Keeper splint for her left *426 wrist. Ms. Robison were the splint during her summer work as a tutor for Clay County School Board, but she did not inform the school authorities that she thought she had suffered an injury at work. On September 11, 1995, Ms. Robison again felt pain in her wrists, this time while unpacking her classroom supplies. She reported this episode as a work-related injury to the principal's office on September 15, 1995.
Clay County defended the petition for benefits Ms. Robison filed on December 8, 1995, on grounds that Ms. Robison's condition did not arise out of her employment and was not causally related to her employment, that no industrial accidents had occurred, that her condition was idiopathic in nature, and that she had failed to provide the statutorily required notice of injury. The judge of compensation claims found that Ms. Robison's injury was compensable and awarded the medical benefits she requested.
Before it was amended effective January 1, 1994, section 440.185(1)(b), Florida Statutes (1993), provided that failure to give notice of an injury to an employer within thirty days of the date of the injury would bar a claim unless
[t]he judge of compensation claims excuses such failure on the ground that for some satisfactory reason such notice could not be given. However, when the delay in giving notice is so excused, no compensation shall be payable for aggravation of the injury caused by want of first aid or proper medical treatment during such delay, and every presumption shall be against the validity of the claim.
The statutory provision applicable here states in relevant part that a petition for benefits is barred unless the employer is notified of the injury within thirty days of the "date of or initial manifestation of an injury," unless
(b) The cause of the injury could not be identified without a medical opinion and the employee advised the employer within 30 days after obtaining a medical opinion indicating that the injury arose out of and in the course of employment;
....
(d) Exceptional circumstances, outside the scope of paragraph (a) or paragraph (b) justify such failure.
§ 440.185(1), Fla. Stat. (1995). For accidents after January 1, 1994, whether there is some "satisfactory reason" to excuse untimely notice is no longer the dispositive question. A judge of compensation claims must determine whether notice was given within thirty days, or, if not, whether subsection (b) or other "exceptional circumstances" excuse the want of timely notice.
Here Ms. Robison notified two doctors in June of 1995 that she thought her wrist pain was caused by activities at work, yet she did not so notify her employer until September 15, 1995. This notice was timely as to the second date of injury alleged. She told Dr. Hardy again on November 15, 1995, that her problems were work-related. The judge of compensation claims concluded that
[t]he reporting of this injury in September was prior to Dr. Hardy's note of November 15, 1995 in which he commented on the causal relationship of the workplace activity of the repacking boxes and the claimant's wrist condition. Therefore I find that the claimant timely reported the injury to her employer.
This analysis does not specify exceptional circumstances excusing timely notice of injury as to the first of Ms. Robison's claimed injuries. We therefore reverse and remand for the judge of compensation claims to reconsider this question under section 440.185(1), Florida Statutes (1995). See GTE v. Hall, 677 So.2d 996 (Fla. 1st DCA 1996) (reversing because the judge of compensation claims did not apply the correct statute when determining if notice was timely).
Another superseded statutory standard was applied in deciding the merits. The judge of compensation claims did not determine whether Ms. Robison's employment was the major contributing cause of her injury and resulting need for treatment. Dr. Hardy, the only doctor who testified as to causation, was not asked whether employment was the major contributing cause of her injuries. Ms. Robison engaged in pastimes, such as rubber stamping and crocheting, which the testimony identified as possible *427 causes of her bilateral DeQuervain's tenosynovitis. Dr. Hardy testified that "indeed with her other pastimes which are all potential causative factors, then the possibility of packing and repacking of her supplies as the primary cause becomes considerably lessened."
For accidents after January 1, 1994, a claimant has the burden of showing that her injury is one "arising out of employment," and that "work performed in the course and scope of employment is the major contributing cause of the injury." § 440.02(32), Fla. Stat. (1995). See Orange County MIS Dep't v. Hak, 710 So.2d 998 (Fla. 1st DCA 1998); Mangold v. Rainforest Golf Sports Ctr., 675 So.2d 639, 642 (Fla. 1st DCA 1996). Unless an injury is classified as an occupational disease, see Watkins Engineers & Constructors v. Wise, 698 So.2d 294, 295 (Fla. 1st DCA 1997), a claimant injured on or after January 1, 1994, must prove that her work was the major contributing cause of her injury and any disability or need for treatment. On remand, if the judge of compensation claims again finds it necessary to determine whether Ms. Robison's employment caused an injury, the amended statutory standard must be applied.
Reversed and remanded.
BOOTH and PADOVANO, JJ., CONCUR.