PER CURIAM.
Pursuant to Fla. R.App.' P. 9.180(b)(1)(C), we review the nonfinal order issued below in which the Judge of Compensation Claims determined that claimant gave timely notice of his accident and injuries and was entitled to receive benefits. We agree with the employer/ear-rier that the order must be reversed.
Under section 440.185(1), Florida Statutes (1995), an employee must notify the employer of an injury suffered within the course and scope of employment “within 30 days after the date of or initial manifestation of the injury.” A claimant’s failure timely to notify the employer results in a bar to any petition for benefits unless one of the four statutory exceptions applies. § 440.185(1), Fla. Stat. In the instant case, although the JCC found claimant’s untimely notice was excused, she did not address the provisions of this statute. Appellee claimant suggests that paragraphs (b) and (d) of the section 440.185(1) apply here. Based on the findings made by the JCC, however, we are unable to determine whether the JCC applied this statute.[1] Accordingly, we reverse and remand for the JCC to make findings in accordance with section 440.185(1). See Clay County School Bd. v. Robison, 725 So.2d 425 (Fla. 1st DCA 1999); GTE v. Hall, 677 So.2d 996 (Fla. 1st DCA 1996).
BOOTH, BARFIELD and MINER, JJ., CONCUR.

. We note that the JCC’s finding that claimant was not aware that his injuries arose from the automobile accident is not supported by any record evidence.