983 So.2d 689 (2008)
MARION COUNTY and Usis, Appellants,
v.
Robert E. FUTCH, Appellee.
No. 1D07-3053.
District Court of Appeal of Florida, First District.
June 5, 2008.
Betty D. Marion of The Marion Law Firm, Ocala, for Appellants.
*690 Kenneth M. Hesser of Daniel L. Hightower, P.A., Ocala, for Appellee.
PER CURIAM.
In this workers' compensation case, the employer/carrier (E/C) appeal the JCC's order determining that the claimant's late filing of his injury report was excused by the E/C's actual knowledge of the accident and by exceptional circumstances. We find that the claimant's untimely notice was not excused and reverse accordingly.
On September 10, 2005, the claimant, Robert Futch, a lieutenant with the Marion County Fire Rescue, suffered an injury while responding to a house fire. While the claimant experienced some immediate discomfort and removed himself from the fire, he neither reported the accident or any injuries to either of the supervisors at the scene nor sought treatment for his injuries until well over a month after the accident. Subsequently, more than 30 days after the accident, the claimant filed a formal notice of the accident and filed two petitions for benefits (PFBs), which the E/C denied as untimely. The JCC conducted a hearing on the PFBs and excused the claimant's untimely filing pursuant to sections 440.185(1)(a) & (d), Florida Statutes (2005).
Sections 440.185(1)(a) & (d) provide that an employee who fails to report any injury sustained during the course of employment to his employer within 30 days will be barred from filing a PFB unless the employer or the employer's agent had actual knowledge of the injury, or exceptional circumstances outside the scope of those outlined in previous subsections justify such failure.
Although the JCC determined that the claimant's untimely filing was excused by the E/C's actual knowledge of the accident, we find that the JCC erroneously applied a constructive knowledge analysis in making its determination. Section 440.185(1)(a) does not define the term actual knowledge; however, Black's Law Dictionary defines the term as "direct and clear knowledge or knowledge of such information as would lead a reasonable person to inquire further." The record in this case does not contain any evidence that either supervisor present at the scene witnessed the claimant's accident. Furthermore, the record clearly establishes that the claimant failed to immediately report his accident and injury to the supervisors present at the scene or to any other reporting officer within the 30-day reporting period. Thus, the JCC did not have competent, substantial evidence to find that the E/C had actual knowledge of the accident.
The JCC also found that the purpose of the statute is to disqualify questionably injured workers that, without good cause, delay reporting an injury and determined that, because there was no accusation that the claimant lied about the incident, exceptional circumstances existed. In workers' compensation cases, exceptional circumstances require that some uncommon or extraordinary event prevented the claimant from timely filing an accident report. See LARSON SERIES: DUBREUIL'S FLORIDA WORKERS' COMPENSATION HANDBOOK § 9.01(4)(b) (2007). The plain language of sections 440.189(1)(a) and (d) provides that failure to report an injury within 30 days will bar the filing of a PFB. A finding that the claimant is truthful about the injury is not an exceptional circumstance under the statute. Absent additional findings specifying other exceptional circumstances, the JCC did not have competent, substantial evidence to find that there were exceptional circumstances. See Clay County Sch. Bd. v. Robison, 725 So.2d 425, 426 (Fla. 1st DCA 1999) (finding that the JCC did not apply the correct *691 legal standard and requiring that the JCC specify the exceptional circumstances excusing timely notice of the injury). Thus, the JCC erred in finding that the claimant's accident report was timely filed.
REVERSED.
BARFIELD, POLSTON, and ROBERTS, JJ., concur.