PER CURIAM.
 

 Claimant appeals an order of the Judge of Compensation Claims (JCC) finding his claim barred because he failed to give notice of his injury to the employer/carrier (E/C) within 30 days of the injury as required by section 440.185(1), Florida Statutes (2007). Claimant argues the JCC erred by finding he was not excused from complying with this requirement pursuant to section 440.185(l)(a), Florida Statutes (2007), because the E/C had actual knowledge of his injury. For the reasons explained below, we agree and reverse.
 

 Claimant filed a claim seeking various benefits stemming from a shoulder injury sustained in an accident occurring on February 8, 2007. The JCC found that Claimant’s supervisor witnessed the accident in question, corroborated Claimant’s description of it, and heard Claimant say “something regarding an injury,” although not specifically about a shoulder injury. The JCC also found Claimant’s supervisor saw Claimant’s forearm bleeding, and that Claimant informed him later that month that he had been to a doctor.
 

 The JCC rejected Claimant’s argument that the E/C had actual knowledge of an injury, instead concluding “the statute” requires “actual knowledge of the injury be communicated by the employee to the employer within thirty days or the petition is barred.” (emphasis in original). The JCC cited
 
 Manon County v. Futch,
 
 983 So.2d 689 (Fla. 1st DCA 2008), as support for this conclusion.
 

 Section 440.185(1), Florida Statutes, provides that an “employee who suffers an injury arising out of and in the course of
 
 *1286
 
 employment shall advise [the] employer within 30 days after the date of ... the injury.” If an employee fails to comply with this requirement, his claim is barred. An employee may be excused from this notice requirement if “[t]he employer or the employer’s agent had actual knowledge of the injury.” See § 440.185(l)(a), Fla. Stat.
 

 The JCC’s finding that “the statute” requires “actual knowledge of the injury to be communicated ... to the employer within thirty days” conflates the notice provision of section 440.185(1) with the “actual knowledge” exception found in subsection (l)(a). Section (1) is the rule, and subsection (l)(a) is the exception. There is no “actual knowledge” provision in the rule, only in the exception. On this basis alone, the JCC erred.
 

 To the extent this error was inadvertent, and the JCC was attempting to ai’ticulate that the E/C had to have “actual knowledge” of
 
 the injury,
 
 this too was error. The JCC’s reliance on
 
 Futch
 
 for this proposition was misplaced. In
 
 Futch,
 
 the claimant “neither reported the
 
 accident
 
 or
 
 any
 
 injuries” to his supervisors on the scene, nor sought treatment “until well over a month after the accident.”
 
 See Futch,
 
 983 So.2d at 690 (emphasis added). It was in that context that we reversed the JCC because he applied a constructive knowledge analysis in finding the employer knew about the claimant’s injury.
 

 Here, however, Claimant’s supervisor witnessed the accident, heard Claimant say something about being hurt, and learned Claimant had been to the doctor less than thirty days after the accident. Thus, there was nothing constructive about the E/C’s knowledge that an accident occurred, nor that Claimant experienced some sort of injury. This was sufficient to satisfy the “actual knowledge” requirement in section 440.185(l)(a), Florida Statutes.
 

 We have held that the notice required to satisfy the knowledge exception to the thirty-day rule need not detail every facet of the injury sustained. Rather, it is sufficient that the employer have notice of
 
 an
 
 injury.
 
 See Alfonso v. Mac Dinton’s Rest.,
 
 515 So.2d 243 (Fla. 1st DCA 1987);
 
 see also Roseboom v. H.T. Constructors, Inc.,
 
 527 So.2d 234 (Fla. 1st DCA 1988);
 
 Winter Park Mem’l Hosp. v. Brown,
 
 452 So.2d 116 (Fla. 1st DCA 1984).
 

 Based on the foregoing, the JCC erroneously concluded Claimant failed to satisfy the actual knowledge exception to the thirty-day notice requirement in section 440.185(1), Florida Statutes. The JCC’s order finding Claimant’s claim was barred on this ground is REVERSED, and the cause REMANDED for proceedings consistent with this opinion.
 

 WOLF, BENTON, and BROWNING, JJ., concur.