ROBERTS, Justice.
The claimant, Irene Anna Azarian, sought workmen’s compensation for a disability incurred in March of 1959 after she cut her left little finger on a piece of glass when a bowl slipped from her hand while working with respondent, Vartan Azarian, d/b/a Vartan Lithographers. The respondent carrier initially accepted the claim as compensable and furnished remedial treatment, as well as compensation for temporary total disability, and 15 weeks’ permanent partial disability. A claim was filed for additional benefits which was controverted by the carrier on the ground that claimant was not an employee of Vartan Azarian Lithographers. The deputy commissioner found that claimant was an employee, had sustained a 50% residual permanent partial disability of the hand, and was entitled to compensation. The full commission reversed the order of the deputy commissioner and agreed with the contentions of the carrier, holding “ * * * we do not believe that the conclusions of the deputy commissioner that claimant has a residual 50 per cent permanent partial disability of the hand and that claimant is an employee of Vartan Lithographers are supported by competent substantial evidence.”'
After review of the record and the hearing of oral argument, it is our opinion the holding of the full commission that claimant was not an employee of Var- *443 tan Lithographers was correct, in that there was not competent substantial evidence according with logic and reason to support a contrary view by the deputy commissioner. Likewise, the legal situation existing did not amount to that of employer and employee. Rogers v. Barrett, 46 So.2d 490, Fla.1950; Lindsey v. Willis, Fla.App., 101 So.2d 422; Maige v. Cannon, Fla.App., 98 So.2d 399. The mere fact that a carrier initially accepts a claim as compensable has no bearing on its ultimate liability for payment should a claim be filed for additional benefits.
Accordingly, the petition for certiorari is denied.
DREW, C. J., and THOMAS, THQR-NAL and O’CONNELL, JJ., concur.