464 So.2d 1298 (1985)
Troy Azell BARNES, Appellant,
v.
Pch Walter T. PARKER and United States Fidelity & Guaranty Company, Appellees.
No. AY-112.
District Court of Appeal of Florida, First District.
March 12, 1985.
Russell R. Stewart, Panama City, for appellant.
James N. McConnaughhay and Gordon Cherr of Karl, McConnaughhay, Roland & Maida, Tallahassee, for appellees.
SMITH, Judge.
We affirm the deputy's denial of appellant's claim for wage loss benefits, since competent substantial evidence supports the deputy's finding that appellant's work search was inadequate, Walton v. Alco Distributors, Inc., 434 So.2d 60 (Fla. 1st DCA 1983). However, we disapprove the deputy's order to the extent that it implies[1] that the duty of informing an injured *1299 claimant of the benefits available to him under the workers' compensation law, or the E/C's duty actively to pursue the obligation "to place needed benefits in the hands of the injured worker"[2] is somehow lessened or diminished by the fact that an injured claimant is represented by an attorney.
The 1979 Workers' Compensation Act  in its day-to-day operation is intended to be  beyond all else  quintessentially an employer-carrier monitored system, rather than a claimant-attorney monitored system. This principle has found application in prior cases from this court, as very recently in Massaro v. Columbian Apartments, 457 So.2d 1131 (Fla. 1st DCA 1984), in which we found to be without merit the E/C's contention that they were entitled to ignore the request for alternative medical care of a claimant who was represented by counsel. Earlier, in Holiday Care Center v. Scriven, 418 So.2d 322 (Fla. 1st DCA 1982), this court alluded to the "centrality" of the work search requirement, and pointed out that as the injured worker progresses from inability to ability to work, the E/C's obligation to pay benefits continues, and "will be monitored by contact with the searching worker." Id. at 325.[3] In the same case, we also noted that the E/C's affirmative obligations under Chapter 440, as interpreted in Florida Erection Services, supra, do not terminate upon the E/C's initial denial or termination of benefits, "nor when the matter takes on adversarial characteristics... ." Id. at 327.
AFFIRMED as modified.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] The section of the deputy's order containing the language we disapprove appears below:

11. The Claimant also argues that the E/C's letter of October 28, 1982, advising the Claimant of his right to apply for wage-loss benefits, did not inform the Claimant of the necessity of a work search as it well should have done. The Claimant further contends that had he gotten such a letter when his social security was terminated in April of 1982, he would have at least known about the work-search requirement as soon as his first request for wage-loss benefits was turned down for lack of evidence of such a search... . this entire matter always returns to the same question  why wasn't the Claimant advised of the work-search necessity? Why did it take eight months for the first request for wage-loss forms to be filed? Whatever the answers are, it is not the responsibility of the E/C to actively pursue an injured employee's claim when he is represented by counsel... . (emphasis supplied)
[2] Florida Erection Services, Inc. v. McDonald, 395 So.2d 203, 211 (Fla. 1st DCA 1981).
[3] Cf. Gall Silica Mining Co. v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981) (claimant not precluded from recovering wage-loss benefits for failure to timely file a request for such benefits where E/C did not inform claimant of the statutory time limits; absence of workers' compensation division rule specifically requiring comprehensively informative notice immaterial in view of self-executing workers' compensation law).