SMITH, Senior Judge.
Howard S. Solomon seeks reversal of a workers’ compensation order awarding compensation benefits to one of his employees who was injured in a work-related accident. Because we find that Solomon was not an “employer” subject to the provisions of Chapter 440, Florida Statutes, we are compelled to reverse.
Solomon, the appellant, is the owner of a unique property known as “Solomon’s Castle,” which serves both as his residence and as a tourist attraction during certain months of the year. The appellee, Judy Huddleston, was employed by Solomon on the date on which she allegedly suffered an injury while moving a heavy freezer within the establishment. Huddleston’s claim for workers’ compensation benefits was defended by Solomon on the grounds: 1) that Solomon was not an employer subject to the provisions of the Workers’ Compensation Act; 2) that Huddle-ston was not an employee subject to the provisions of the act, but was instead, a domestic servant; and 3) that Huddleston did not suffer an occupational injury. After hearing all of the evidence the judge of compensation claims rendered an order finding the claim compensable and awarded unpaid medical benefits. This appeal followed.
Our resolution of the first issue, Solomon’s status as an employer subject to the provisions of the Workers’ Compensation Act, makes it unnecessary for us to discuss the remaining points on appeal. The JCC found in his final order that Solomon employed Huddleston and five other persons, namely: Ron Turner; Roxanne;[1] Yvette Beltaire; Solomon’s companion, Peggy; and Al, Solomon’s father. We find an absence of competent, substantial evidence to support the JCC’s findings that Solomon employed Yvette Beltaire, Peggy, and Al.
Section 440.02(15)(b)2, Florida Statutes, restricts coverage under the act to private employers with four or more employees. Volunteers are excluded from the definition of “employee” by the provisions of section 440.02(13)(d)3, which reads as follows:
(d) “Employee” does not include:
[[Image here]]
3. A volunteer, except a volunteer worker for the state or county, city, or other governmental entity. A person who does not receive monetary remuneration for his services is presumed to be a volunteer unless there is substantial evidence that a valuable consideration was intended by both employer and employee....
Solomon argues on appeal that three of the people accepted as employees by the JCC were, in fact, “volunteers.” We agree. There is unrefuted testimony that Yvette, Solomon’s neighbor; Peggy, Solomon’s companion; and Al, Solomon’s father, received no *80 monetary remuneration or valuable consideration for their services in connection with the operation of “Solomon’s Castle.” The evidence discloses that Yvette, the neighbor, occasionally served as a tour guide. Although Solomon at times performed some welding for Yvette’s husband, there is no evidence that Yvette received any monetary or other remuneration for her services. Moreover, there is no evidence to indicate that Solomon or Yvette intended the welding to serve as valuable consideration for her services in acting as a tour guide.
The testimony is also undisputed that Peggy, Solomon’s companion, received no monetary remuneration except for money paid to her as “household money.” There is no testimony or other evidence that Peggy’s relationship with Solomon and her residence at the Castle was intended by either of them to constitute valuable consideration for any services she might have performed in connection with the business. Similarly, Al, Solomon’s father, was not an employee. Although Solomon testified that his father greeted and entertained visitors, there is no evidence that either Solomon or his father intended Al’s residence at the Castle to constitute valuable consideration for employment.
In summary, Yvette’s participation in the operation of the castle amounts to no more than an exchange of favors between neighbors, neither Yvette nor Solomon performing any work with the intention or expectation of remuneration. With respect to Peggy and Al, their residence at the castle is justified by their relationship with Solomon, entirely independent of any services in connection with Solomon’s business, and the record is thus devoid of any “substantial evidence that a valuable consideration was intended,” section 440.02(13)(d)6., with respect to Solomon, Peggy and Al.
Accordingly, the order appealed is REVERSED.
BARFIELD and ALLEN, JJ., concur.

. The record does not reveal Roxanne's last name.