ERVIN, Judge.
The employer, Regency Electric Company, and its carrier, CNA Insurance Company (E/C), appeal a nonfinal order on jurisdiction wherein the judge of compensation claims (JCC) held that the E/C were estopped from raising the defense that claimant, Henry Honrath, is not entitled to compensation benefits under Florida law, because claimant entered into his employment contract in Georgia. In that Honrath failed to prove estoppel, we reverse and remand.
Pursuant to the provisions of section 440.09(1), Florida Statutes (1991), an employee injured out of state may receive Florida compensation benefits only if the employment contract was made in Florida or the employment was principally located in Florida. Honrath was injured on a job in Georgia and voluntarily returned to his home in Jacksonville, Florida, where he asked the carrier whether he could receive benefits under the Florida workers’ compensation system rather than Georgia’s, because the benefits are higher.[1] Both claimant and the carrier initially believed Honrath entered his contract with the employer in Florida, so the carrier approved the transfer, but the carrier eventually determined that the contract was executed in Georgia and returned the claim.
Without expressly deciding the issue of where the parties made their agreement, the JCC concluded that the carrier voluntarily transferred jurisdiction from Georgia to Florida and authorized numerous physicians and procedures in Florida, leading Honrath to believe that he was properly receiving benefits under the Florida system; therefore, the E/C were estopped from raising the defense that Florida’s workers’ compensation law does not apply to this claim. We reverse, because Honrath failed to prove estop-pel.
In order to establish estoppel, Hon-rath was required to prove: (1) the E/C misrepresented a material fact, (2) Honrath relied upon the misrepresentation, and (3) he changed his position based on the misrepresentation, to his detriment. Rissman v. Kilbourne, 643 So.2d 1136 (Fla. 1st DCA 1994). Honrath did not put on evidence that he changed his position in any way based upon his understanding that he was covered under the Florida system. Lafave v. Bay Consol. Distribs., 546 So.2d 78 (Fla. 1st DCA 1989). The erroneous payment of Florida benefits cannot create workers’ compensation coverage that does not otherwise exist. Azarian v. Azarian, 166 So.2d 442 (Fla.1964) (en bane); Tradewinds Constr. v. Newsbaum, 606 So.2d 708 (Fla. 1st DCA 1992), review denied, 618 So.2d 210 (Fla.1993).
REVERSED and REMANDED for further consistent proceedings.
BARFIELD and DAVIS, JJ., concur.

. Honrath is entitled to $425 per week under Florida law or $250 per week under Georgia law.