ALLEN, J.
The appellant in this workers’ compensation appeal is a private employer who would ordinarily not be required to secure payment of compensation under chapter 440 because it has less than four employees and is not engaged in the construction industry. See § 440.02, Fla. Stat. (1995); Solomon v. Huddleston, 657 So.2d 78 (Fla. 1st DCA 1995). In the order under review the judge of compensation claims nevertheless determined that the injury suffered in the course and scope of employment by the appellee, an employee of the appellant, was compensable under principles of es-toppel because the appellant had not posted the notice referenced in section 440.055, Florida Statutes (1995). We reverse the order because section 440.055 is of doubtful applicability to the appellant and, in any event, the record provides no factual basis for a finding of estoppel.
Section 440.055 provides as follows: An employer who employs fewer than four employees, who is permitted by law to elect not to secure payment of compensation under this chapter, and who elects not to do so shall post clear written notice in a conspicuous location at each worksite directed to all employees and other persons performing services at the worksite of their lack of entitlement to benefits under this chapter.
Reading this statute in context with the other provisions of chapter 440, we have considerable doubt that it was intended to apply in the circumstances of the present *953 case. By its terms, the statute imposes no obligation upon one who is not an “employer,” and a private employer with less than four employees who engages in business outside the construction industry is, by legislative definition, not an “employer” for purposes of chapter 440. See sections 440.02(14) and 440.02(15)(b)2. Also by its terms, the statute places an obligation only upon an employer “who is permitted by law to elect not to secure payment of compensation under [chapter 440],” but chapter 440 provides no authority or mechanism by which a private employer with less than four employees who engages in business outside the construction industry may “elect” not to secure compensation. Chapter 440 automatically relieves such employers of any obligation to secure compensation, and no separate election is required. And finally, the references to 440.055 in sections 440.185 and 440.19 strongly suggest that the notice required by 440.055 is notice which must be given to an employee who is entitled to benefits, not to an employee such as the appellee. Although it is possible that the 440.185 and 440.19 references to 440.055 reflect a legislative error, this seems unlikely in light of the fact that the relevant 440.185 and 440.19 language was inserted by the same session law that amended section 440.055 to its current form. See Ch. 93-415, § 4 at 75, § 22 at 183, § 23 at 135, Laws of Fla. We therefore do not understand section 440.055 to require an employer such as the appellant to post notice.
But even if 440.055 were read to have required the appellant to post notice, this case does not present a factual situation justifying application of principles of estoppel. Equitable estoppel generally consists of words or conduct which causes another person to believe a certain state of things exists, and to consequently change his or her position in an adverse way. And estoppel by silence or inaction will be found only when the other party is misled to his or her detriment. See, e.g., Southeast Grove Management, Inc. v. McKiness, 578 So.2d 883, 886 (Fla. 1st DCA 1991). There is nothing in the record before us indicating that the appellee was misled or changed her position as a result of the appellant’s failure to post notice of the appellee’s lack of entitlement to workers’ compensation benefits. Facts supporting a finding of estoppel were therefore not proven.
The order is accordingly reversed.
JOANOS, and DAVIS, JJ., CONCUR.