880 So.2d 825 (2004)
Suzanne DEERE, Appellant,
v.
SARASOTA COUNTY SCHOOL BOARD and Integrated Administrators, Inc., Appellees.
No. 1D03-2714.
District Court of Appeal of Florida, First District.
August 18, 2004.
Keith A. Mann, Sarasota, for Appellant.
Ben Cristal, of Sponsler, Bennett, Jacobs & Cristal, P.A., Tampa, for Appellees.
BROWNING, J.
We reverse the order denying workers' compensation benefits on the ground that the statute of limitations had run because the JCC did not consider Appellant's estoppel argument.
Appellant was at work as a pre-kindergarten aide on October 27, 1999, when she tripped over toys and hurt her lower back. She made a timely application for workers' compensation and was authorized for treatment with at least three doctors. The three found her to have reached maximum medical improvement by April 26, 2000. On June 1, 2000, Appellant was involved in a car accident. In January 2001, she visited one of her previously authorized doctors to find out whether her compensable injury had been aggravated by the car *826 accident; the doctor refused to examine her because she had been in a subsequent intervening accident. Thereafter, Appellant allegedly called senior claims adjuster Marjorie Lane and spoke to Lane or her nurse; when Appellant asked what to do next, she was told "there is nothing we can do now."
On October 4, 2002, Appellant filed a petition for workers' compensation benefits; the employer/carrier (E/C) put forth a statute of limitations defense in denying authorization. On November 8, 2002, Appellant filed a second petition for benefits; the record does not contain a response to this second petition. After a hearing, the JCC denied benefits on the ground that Appellant's petitions were barred by the expiration of the time set forth in the statute of limitations. Appellant is entitled to reversal and remand because the JCC failed to address her argument that the E/C was estopped from denying benefits on that basis because of its advice to her that "there is nothing we can do now."
Appellant's petition was untimely under section 440.19, Florida Statutes (2002), because her claim was made more than two years after her injury and more than one year after her last receipt of benefits. However, section 440.19(4) provides that an E/C may be estopped from raising a statute of limitations defense. Because the E/C complied with the notice requirements of sections 440.185 and 440.055, Florida Statutes, Appellant can demonstrate estoppel only by proof that is clear and convincing. See § 440.19(4); Crutcher v. Sch. Bd. of Broward County, 834 So.2d 228 (Fla. 1st DCA 2002). To demonstrate estoppel, Appellant must show that (1) the E/C misrepresented a material fact; (2) Appellant relied on the misrepresentation; and (3) Appellant changed her position to her detriment because of the misrepresentation. See Regency Elec. Co. v. Honrath, 673 So.2d 897 (Fla. 1st DCA 1996). Appellant's allegations of estoppel are facially sufficient and should have been considered by the JCC.
Where an E/C misleads a claimant about his or her rights or availability of workers' compensation, even unintentionally, resulting in the claimant's failure to file a timely claim, the E/C will be estopped from denying benefits. Raymond v. Rapid Express Parcel Delivery of Tampa, 548 So.2d 278 (Fla. 1st DCA 1989). Because the JCC failed to consider whether Appellant demonstrated estoppel, we REVERSE the denial of the petition for benefits and REMAND for the JCC to make such a determination.
BENTON and POLSTON, JJ. concur.