973 So.2d 598 (2008)
Patricia ROBERSON, Appellant,
v.
ST. JOHNS COUNTY SCHOOL BOARD and Specialty Risk Services, Inc., Appellee.
No. 1D06-5839.
District Court of Appeal of Florida, First District.
January 23, 2008.
*599 Mark L. Zientz and Andrea Cox of the Law Offices of Mark L. Zientz, PA., Miami, for Appellant.
Michael C. Grumpier of the Law Offices of Michael C. Crumpler, P.A., Jacksonville, for Appellee.
BROWNING, C.J.
Appellant/Claimant challenges the denial of her workers' compensation benefits. We reverse.
Claimant's claim was accepted as compensable at first, but on February 14, 2002, the employer/carrier, (E/C) denied the claim on the grounds that her disability was not a result of the job-related injury, but was instead related to a pre-existing condition; the Notice of Denial (form DWC-12) was sent to both Claimant and the Division of Workers' Compensation. The next day, E/C reported that Claimant's permanent injury rating was zero percent; the Notice of Action/Change (form DWC-4) was also sent to both Claimant and the Division of Workers' Compensation. Three weeks later, E/C received from Claimant's doctor a form indicating that Claimant had reached maximum medical improvement and had a ten percent permanent impairment rating; however, E/C did not send this Maximum Medical Improvement/Permanent Impairment Determination Certification (form DWC-9a) to either the Division of Workers' Compensation or Claimant, on the reasoning that the claim had already been denied in its entirety.[1]
Eventually, Claimant learned about the ten percent rating and filed a petition for benefits (PFB) seeking permanent total disability benefits, which was barred by the statute of limitations. See § 440.19, Fla. Stat. (2001). Claimant argues here that E/C are not permitted to rely on the defense of the statute of limitations because they are estopped.
We agree with Claimant that E/C are estopped from relying on a statute of limitations defense, because Claimant showed by clear and convincing evidence that E/C misrepresented a material fact, Claimant relied on the misrepresentation, and, as a result, Claimant changed position to her detriment. See generally Deere v. Sarasota County Sch. Bd., 880 So.2d 825 (Fla. 1st DCA 2004). E/C notified Claimant of her doctor's zero percent permanent impairment *600 rating, but failed to correct or change the rating to ten percent upon receipt of that information. Claimant relied on the misrepresentation because, as workers' compensation is an employer-administered system, Claimant had no reason to suspect the doctor's rating was other than zero percent. Claimant chose not to file a PFB in light of her belief that no portion of her disability was attributable to the workplace injury. This change of position was to her detriment because the ten percent permanent impairment rating suggests that she had a viable entitlement to benefits.
REVERSED and REMANDED for further proceedings.
KAHN and ROBERTS, JJ., concur.
NOTES
[1] E/C's adjuster testified as follows:

Q Other than the notice letter which was sent out to my, client in the initial stages of the claim, did you ever send any other notice letters to my client subsequent to that?
A Notice of?
Q Of anything.
A Well, we sent her the DWC-12 when we filed the Notice of Denial.
Q Okay.
A She would've gotten a copy of the DWC-4.
Q Was there a letter regarding maximum medical improvement sent with that?
A I don't recall. I don't think so.
Q Okay. Is that a requirement when somebody is placed at maximum medical improvement?
A Not when you file a Notice of Denial at the same time.
Q Did you send a maximum medical improvement letter after you received the 10% from Dr. Dehgan?
A No. We had already filed our Notice of Denial and we weren't paying any further benefits or authorizing anything else.