KAHN, J.
 

 In this workers’ compensation case, claimant appeals an order of the Judge of Compensation Claims (JCC) denying her claims for benefits, entered on the ground that all claims were barred by the statute of limitations. For the reasons indicated below, we reverse.
 

 FACTUAL BACKGROUND
 

 On September 13, claimant suffered a compensable injury while working as a referee at the employer’s intramural fields. Claimant’s right eye was injured when a football struck her face and shattered her eyeglasses. Following the injury, claimant lost vision in her right eye and was sent to Baptist Hospital for evaluation. Claimant was diagnosed with retinal detachment and referred to the Bascom Palmer Eye Institute (Bascom Palmer) for immediate surgery. Claimant underwent surgery of her right eye on September 19, 2005, and received authorized follow-up treatment from Bascom Palmer thereafter. Claimant attended appointments at Bascom Palmer every other month until June 2007, when she was instructed to return for only annual visits. Claimant’s last authorized appointment with Bascom Palmer occurred
 
 *223
 
 June 21, 2007. In July 2008, claimant scheduled her annual appointment with Bascom Palmer for August 5, 2008.
 

 During the course of claimant’s treatment, the employer/carrier (E/C) made at least two attempts to obtain a date of maximum medical improvement (MMI) and a permanent impairment rating (PIR) from the treating physicians at Bascom Palmer. The E/C’s nurse case manager testified that she requested the provider complete DWC-25 forms concerning claimant’s treatment. Bascom Palmer, however, failed to complete the forms or provide the requested information. Medical evidence later adduced demonstrated claimant reached MMI with some permanent impairment on or before June 21, 2007. Claimant suffered a significant loss of vision in her right eye and, although the expert medical testimony differed as to claimant’s precise PIR, all medical experts agree claimant suffered a permanent impairment to some extent as a result of the compensable injury.
 

 When claimant attempted to return to Bascom Palmer for her annual visit in August 2008, the E/C refused to authorize any further treatment because it determined the statute of limitations had expired on claimant’s claim. Consequently, on August 19, 2008, claimant filed a petition for benefits (PFB) seeking impairment benefits in addition to other various medical and indemnity benefits available under the workers’ compensation law. The E/C defended by asserting claimant failed to prosecute her claim within the statutory period.
 

 In her pretrial compliance and at a hearing before the JCC, claimant argued the E/C should be estopped from asserting the statute of limitations defense. Claimant advanced multiple theories of estoppel, including the E/C’s failure to obtain a date of MMI and a PIR from claimant’s authorized physicians. In her pretrial memorandum, claimant argued, inter alia, that the E/C made little or no effort to require the authorized physicians to complete DWC-25 forms and never pursued a date of MMI or a PIR despite its knowledge of claimant’s severe ocular injury. Consequently, claimant argued, the E/C avoided payment of permanent impairment benefits which, if paid, would have tolled the statute of limitations. In response, the E/C argued it should not be estopped from asserting the statute of limitations, because it made no misstatement or misrepresentation to claimant concerning her treatment.
 

 The JCC rejected each of claimant’s es-toppel arguments, finding “the E/C did nothing to either impede or mislead claimant regarding her obligation to obtain timely treatment with Bascom Palmer.” The JCC, focusing on claimant’s other theories of estoppel (none of which we today find meritorious), denied claimant’s argument concerning MMI without elaboration, and determined generally that claimant failed to demonstrate estoppel by clear and convincing evidence. The JCC therefore denied claimant’s requests for benefits.
 

 On appeal, claimant argues the JCC erred in finding the E/C was not estopped from asserting the statute of limitations defense. We base our analysis upon the E/C’s failure to obtain an MMI date and impairment rating.
 

 ANALYSIS
 

 Claimant’s petition was untimely under section 440.19, Florida Statutes (2005), because her claim was made more than two years after her injury and more than one year after her last receipt of benefits. Section 440.19(4), however, provides than an E/C may be estopped from raising a statute of limitations defense. Because the E/C complied with the notice requirements of sections 440.185 and 440.055, Florida Statutes (2005), claimant
 
 *224
 
 can demonstrate estoppel only by proof that is clear and convincing.
 
 See
 
 § 440.19(4), Fla. Stat. (2005).
 

 Despite a score of years’ worth of refinements and revisions, the Workers’ Compensation Act remains, in its day-today operations, fundamentally an employer/carrier-monitored system.
 
 See Ace Disposal v. Holley,
 
 668 So.2d 645, 648 (Fla. 1st DCA 1996) (citing
 
 Turner v. Rinker Materials,
 
 622 So.2d 80, 84 (Fla. 1st DCA 1993));
 
 see also Barnes v. PCH Walter T. Parker,
 
 464 So.2d 1298, 1299 (Fla. 1st DCA 1985) (describing Act as “quintessentially an employer-carrier monitored system”). Although section 440.015, Florida Statutes (2005), emphasizes the Legislature’s intent that the law not be “liberally construed in favor of the employee,” that section nonetheless confirms that the system is to be “efficient” to the extent that it “ensure[s] the prompt delivery of benefits to the injured worker.” Thus, “an employer is under a continuing obligation, once it has knowledge of an employee’s injury, to place needed benefits in the hands of the injured worker.”
 
 Wood v. McTyre Trucking Co., Inc.,
 
 526 So.2d 739 (Fla. 1st DCA 1988). This requires an employer to “offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due.”
 
 Id.
 
 at 741-42.
 

 Pursuant to section 440.15(3)(a), Florida Statutes (2005), once an employee reaches MMI, impairment benefits are due and payable within fourteen days after the carrier has knowledge of the impairment. If an employee has not been certified as having reached MMI before the expiration of ninety-eight weeks after the date temporary disability benefits begin to accrue, the E/C is obligated to notify the treating doctor of its obligation to certify a date of MMI and an impairment rating. § 440.15(3)(d)(2), Fla. Stat. (2005). An employer has the option, if necessary, of obtaining a date of MMI and a PIR from a doctor other than the employee’s treating physician.
 
 See
 
 § 440.15(3)(d), Fla. Stat. Additionally, at the time of authorization for medical services or at the time a reimbursement request is received, an insurer is required to notify each health care provider, in writing, of additional form completion requirements or supporting documentation that are necessary for reimbursement determinations. Fla. Admin. Code R. 69L-7.602(5)(b) (2005).
 

 Claimant argues that the duty to obtain a date of MMI and a PIR from authorized medical providers belongs to E/Cs and that this E/C abandoned that duty by excusing or overlooking the failure of its chosen medical provider to provide legally required information that would have advised E/C of a PIR and alerted it that benefits were due and owing as early as June 2007. We agree. To hold otherwise would permit E/Cs “to' shirk their responsibilities and obligations to notify claimant[s] of possible benefits under the Workers’ Compensation Act.”
 
 Wood,
 
 526 So.2d at 742;
 
 see also Riggs v. Al Raska Contracting,
 
 573 So.2d 155 (Fla. 1st DCA 1991) (“[The] Workers’ Compensation Act is designed to be self executing, and the [E/C] carries the obligation to notify injured workers of their possible entitlement to benefits.”).
 

 In view of our employer-monitored system, we reject the E/C’s argument that claimant was in an equally adequate position to determine the severity of her injury and eligibility for impairment benefits by exercising her right to an independent medical exam.
 
 See Barnes,
 
 464 So.2d at 1299 (“The ... Workers’ Compensation Act-in its day-to-day operation is intended to be — beyond all else — quintessentially an employer-carrier monitored system, rather than a claimant-attorney monitored system.”). Because E/Cs are given the right to select a claimant’s medical provider, the
 
 *225
 
 statute imposes mandatory obligations on E/Cs; among these are seeing that the provider fulfills its obligations. A claimant has no legal means to enforce physician obligations or ascertain his or her permanent impairment. Indeed, permanent impairment benefits are designed to result in an automatic payment of benefits with no participation from the claimant.
 
 See
 
 § 440.15(3), Fla. Stat. Moreover, the E/C’s obligation “to place needed benefits in the hands of the injured worker,”
 
 Florida Erection Services, Inc. v. McDonald,
 
 395 So.2d 203, 211 (Fla. 1st DCA 1981), is not “lessened or diminished by the fact that an injured claimant is represented by an attorney.”
 
 Barnes,
 
 464 So.2d at 1299.
 

 We agree with claimant that the E/C is estopped from relying on a statute of limitations defense because claimant showed by uncontested evidence that the E/C failed to act when it was under a duty to do so and that claimant was misled to her detriment due to the E/C’s omission.
 
 See Larry K. Meyer, P.A. v. Kimberly,
 
 765 So.2d 951 (Fla. 1st DCA 2000) (estoppel by silence or inaction will be found when claimant is misled to his or her detriment);
 
 see also Travelers Ins. Co. v. Spencer,
 
 397 So.2d 358 (Fla. 1st DCA 1981) (holding omission sufficient to imply doctrine of equitable estoppel means negligent or culpable omission in instances where party failing to act is under duty to do so). The E/C failed to obtain a date of MMI or a PIR from the medical provider that it selected, authorized, and paid to treat claimant’s injury. As a result of the E/C’s omission, claimant did not receive the impairment benefits, or even notice of her potential entitlement to such, to which she was entitled. Claimant, unaware of her entitlement to such benefits, failed to file a timely claim, and thereby lost the opportunity to toll the statute of limitations.
 
 See Roberson v. St. Johns County Sch. Bd.,
 
 973 So.2d 598 (Fla. 1st DCA 2008) (holding E/C estopped from relying on statute of limitations defense where claimant failed to file PFB because of E/C’s misrepresentation concerning claimant’s PIR).
 

 Here, as in
 
 Roberson,
 
 claimant’s failure to file a PFB was due to the E/C’s failure to convey accurate information concerning claimant’s PIR. Were we to conclude otherwise, we would be shelving any notion of an employer-monitored system and would, in essence, be endorsing an approach inconsistent with Florida’s current philosophy to reduce attorney involvement, and keep the collateral costs of the workers’ compensation scheme more manageable. The E/C argues this case is distinguishable from
 
 Roberson
 
 and other misrepresentation cases because it was not aware claimant reached MMI and did not receive a PIR from the physicians at Bascom Palmer. We decline to accept this contention, because the E/C would have garnered the information had it required authorized physicians to complete the necessary forms or obtained certification from an alternative physician.
 
 See
 
 § 440.15(3)(d), Fla. Stat. (2005). Although we do not go so far as to endorse claimant’s graphic description of a “wall of willful ignorance,” neither are we moved by E/C’s protestations concerning the difficulty of procuring timely and complete MMI information from providers within the managed care group. Indeed, we perceive a mandatory statutory obligation, in the sole province of the E/C; accordingly, the E/C cannot benefit by its failure to undertake that obligation.
 

 For these reasons, the JCC’s order is REVERSED and REMANDED for further proceedings.
 

 THOMAS, J., concurs; DAVIS, J., concurs in result only.