IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CITY OF DANIA BEACH and
PGCS,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellants,

v.                           CASE NO. 1D16-0693

DAVID ZIPOLI,

    Appellee.
_____/

Opinion filed October 10, 2016.

An appeal from an order of the Judge of Compensation Claims.
Daniel A. Lewis, Judge.

Date of Accident: January 16, 2009.

George W. Boring, III, Public Entity Legal Solutions, Lake Mary, for Appellants.

Kimberly A. Hill of Kimberly A. Hill, P.L., Fort Lauderdale, for Appellee.

PER CURIAM.

     In this workers' compensation case, the Employer/Carrier (E/C) appeals an

order of the Judge of Compensation Claims (JCC) finding that it was estopped from

asserting a statute of limitations defense against the Claimant's request for benefits. Because the elements of estoppel were not established in this case, we reverse.

## Background

The Claimant sustained a compensable low-back injury on January 16, 2009. The E/C provided both medical treatment and indemnity benefits. In September 2009, the E/C sent the Claimant a letter stating that he had reached maximum medical improvement (MMI) with a permanent impairment rating (PIR), that he was entitled to impairment income benefits (IBs) under section 440.15(3), Florida Statutes, and that his "medical treatment [was] subject to a one-year Statute of Limitations."[1] The parties have since stipulated that the Claimant reached MMI on July 28, 2009, with a 7% PIR.

The E/C concedes that it was dilatory in paying one of the IB installments and admits it never paid the penalties and interest related to this late payment. See §§ 440.20(6) (penalties) & 440.20(8) (interest), Fla. Stat. (2008). The last payment of the fourteen weeks' worth of IBs to which the Claimant was entitled—the most recent provision of any indemnity benefits to the Claimant—was made on November 3, 2009.

The medical benefits provided to the Claimant included treatment with Dr. Christopher Brown. The Claimant's last visit with Dr. Brown—the most recent provision of any claim-related medical benefit to the Claimant—took place in May of

---

[1] The Claimant acknowledges that the E/C timely mailed the informational brochure required by section 440.185(4), Florida Statutes, detailing the applicable one- and two-year statutes of limitations.

2

2010. Important to our analysis, when the Claimant later called Dr. Brown's office to schedule a follow-up appointment, he was "erroneously" advised that his case was closed and that he was no longer authorized to receive treatment from Dr. Brown. This turned out to be a critical component in the untimely advancement of his claim because, as discussed below, the only evidence of reliance in this record is that the Claimant believed—mistakenly—that Dr. Brown or his staff was in charge of his case.

## Litigation

On December 22, 2014, more than four years after the Claimant last received any workers' compensation benefits, the Claimant filed a petition for benefits (PFB) seeking authorization of medical care, IBs "at the correct rate," penalties and interest on any late payment of indemnity benefits, and attorney's fees and costs. The E/C contested the claims, asserting, among other defenses, that the claims were barred by the statute of limitations found in section 440.19, Florida Statutes, which provides that a PFB must be filed within two years after the date a claimant knew or should have known that his injury arose out of a compensable, work-related event, with the exception that the two-year period is tolled for one year following the date any indemnity benefit is paid or medical treatment is furnished.

In response to the E/C's statute of limitations defense, the Claimant argued four grounds, albeit intertwined, upon which the E/C was allegedly estopped from asserting the limitations defense — 1.) Although IBs were paid to the Claimant, one payment

3

was late and should have included penalties and interest; 2.) IBs were not paid at correct rate based on average weekly wages (AWW) and earnings considerations at the time of IB payment; 3.) The September of 2009 letter to the Claimant was a misstatement of the applicable statute of limitations (SOL)[2]; and 4.) Dr. Brown's office advised the Claimant that his case was closed. The Claimant asserted, under grounds one and two, that the E/C was estopped from asserting the statute of limitations because the E/C failed to fulfill its mandatory duty to pay, thus leaving the Claimant unaware of his entitlement to certain classes of benefits—i.e., to penalties and interest and/or the higher rate of IB payments. Among other cases provided to the JCC, the Claimant relied on Gauthier v. Florida International University, 38 So. 3d 221 (Fla. 1st DCA 2010), where this Court concluded that the claimant had detrimentally relied on the E/C's failure to comply with its statutory duties—specifically, to obtain an MMI and PIR and pay IBs based on that PIR—leaving the claimant unaware of her potential entitlement to benefits and foreclosing her ability to toll the statute of limitations. Ultimately, the JCC agreed with the Claimant's Gauthier argument and found that the E/C was estopped from raising its limitations defense.

**Analysis**

---

[2] The record on appeal documents that at the hearing, the Claimant stipulated that he received the full informational brochure from the E/C as required by section 440.185, Fla. Stat. Accordingly, any argument under this ground lacks merit.

4

We find that the facts in <u>Gauthier</u> are distinguishable from the facts of this case. Furthermore, the holding in <u>Gauthier</u> must be narrowly construed and only applies to a unique set of facts substantially similar to the facts of <u>Gauthier</u>.

In <u>Gauthier</u>, the claimant "showed by uncontested evidence that the E/C failed to act when it was under a duty to do so and that [the] claimant was misled to her detriment due to the E/C's omission." 38 So. 3d at 225. Thus, in that case, the elements of estoppel—detrimental reliance on a party's misrepresentation—were established. <u>See</u> <u>Deere v. Sarasota Cty. Sch. Bd.</u>, 880 So. 2d 825, 826 (Fla. 1st DCA 2004) ("To demonstrate estoppel, Appellant must show that (1) the E/C misrepresented a material fact; (2) Appellant relied on the misrepresentation; and (3) Appellant changed her position to her detriment because of the misrepresentation."); <u>accord</u> <u>Winans v. Weber</u>, 979 So. 2d 269, 275 (Fla. 2d DCA 2007) (holding that there can be no estoppel when the party seeking estoppel "was not misled by the other party's conduct").

In <u>Gauthier</u>, the claimant suffered a serious and catastrophic-type injury when she lost vision in her right eye.[3] Following surgery and recovery, the claimant attended appointments every other month through June of 2007, when she was instructed to return for annual visits only. She attended an appointment on June 21, 2007. She later called in July of 2008 and obtained an annual follow-up appointment for August 5, 2008. When she appeared for the August appointment, she was advised that the E/C

---

[3] The claimant later regained some level of vision after surgery, but ultimately suffered significant

refused authorization. On these facts, this Court found that the E/C failed to advise claimant of her undisputed entitlement to significant impairment benefits, failed to acquire MMI and an impairment rating from the doctors it had authorized, and failed to pay the impairment benefits. Of note, payment of the impairment benefits would have tolled the statute of limitations defense. Therefore, the absence of the filing of a PFB by the claimant was due to the E/C's failure to acquire MMI and PIR information, failure to file appropriate DWC forms, and failure to convey accurate information concerning claimant's PIR or to initiate IB payments to claimant – which the E/C was on actual notice were due pursuant to the serious and permanent nature of her injuries.

By contrast, in this case, there is no record evidence that the Claimant detrimentally relied on a misrepresentation or omission made by the E/C. Instead, the only documented detrimental reliance was the Claimant's reliance on the comments of Dr. Brown's office staff, comments unconnected to the E/C. See Dep't of Revenue ex. rel. Thorman v. Holley, 86 So. 3d 1199, 1203 (Fla. 1st DCA 2012) ("To satisfy the reliance prong of equitable estoppel, the party asserting the defense must prove that he . . . made a detrimental change of position based on a belief in the misrepresented fact."). As to ground four of the Claimant's asserted estoppel arguments, there is no evidence that the E/C knew about the discussion between the Claimant and Dr. Brown's office or in any way gave momentum to the Claimant's mistaken belief that

and permanent vision loss in the right eye.

6

his case had been terminated. Here, the E/C acquired the MMI and PIR, filed the appropriate forms documenting the assignment and change of medical status, sent a letter to the claimant advising of entitlement to IBs, and initiated payment of the IBs.

Further, the Claimant stipulated that the E/C timely raised the affirmative defense of statute of limitations and that he received notice of the statute of limitations via an informational brochure compliant with section 440.185, Florida Statutes. The merits hearing was bifurcated to address the issue of compensability with a reservation of jurisdiction over benefits due, if warranted.

Gauthier does not permit an inference of detrimental reliance whenever and wherever an E/C has failed to meet a statutory obligation. Simply stated, in this case, the JCC construed Gauthier too broadly.

## Conclusion

For all of these reasons, we reverse the estoppel of the E/C's statute of limitations defense and find that the defense bars compensability and any further entitlement to benefits.

REVERSED.

MAKAR, JAY, and M.K. THOMAS, JJ., CONCUR.

7