# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1791
_____

ROBERT SCHIANO,

    Appellant,

    v.

CITY OF HOLLYWOOD POLICE
DEPARTMENT/EMPLOYER'S
MUTUAL, INC.,

    Appellees.

_____

On appeal from an order of the Judge of Compensation Claims.
Daniel A. Lewis, Judge.

Date of Accident: August 21, 2014.

August 21, 2019

M.K. THOMAS, J.

In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims ("JCC"), holding the Employer/Carrier ("E/C") was not estopped from asserting the statute of limitations ("SOL") defense. Claimant concedes that the limitations period had run but challenges the estoppel ruling, arguing that it thwarts the presuit resolution process set forth in section 440.192(4), Florida Statutes. We affirm because, in this case, the presuit resolution argument is both unpreserved and without merit.

## I. Facts

On August 30, 2017, Claimant's counsel transmitted by facsimile ("fax") a letter to the E/C informally requesting two benefits: authorization of a replacement neurologist due to Dr. Ballweg's death and authorization of an orthopedist as a one-time change of authorized treating physician pursuant to section 440.13(2)(f), Florida Statutes. The next day, Claimant filed a Petition for Benefits ("PFB") seeking those benefits together with associated attorney fees and costs. On September 1, 2017, counsel for the E/C emailed Claimant's counsel the following message:

> Hey Mark, my client authorizes Dr. Christopher Brown as the claimant's alternate orthopedist in light of your one time change request in the attached. FYI, Christina Rodriguez is the new adjuster handling this claim. She will provide the claimant with an appointment to see Dr. Brown shortly.

On September 6, 2017, the E/C filed a Response to PFB denying all benefits on grounds that the SOL had run.

At hearing, Claimant argued that the E/C's September 1 email was the initial response to the PFB, and therefore, because the SOL defense was not asserted, the E/C was estopped from asserting the defense. Alternatively, the Claimant asserted that the E/C's promise in the email to provide an alternate doctor revived the SOL. The E/C countered that its September 1 email was not the initial response to the PFB because the email expressly responded only to the attachment, which was the August 30 fax from Claimant requesting two doctors; the E/C's initial response to the PFB was the formal Response to PFB which addressed all claims raised in the PFB.

In the final order, the JCC denied the PFB, finding all claims barred by the SOL. In support, the JCC found that the E/C's September 1 email was a response only to the August 30 fax, and the September 6 filing of the E/C was the "initial response" to the PFB. The JCC also reasoned that the claim was not "revived" by the E/C's email agreeing to authorize the one-time change because such revival occurs only when the E/C actually provides benefits

2

or at least "accepts responsibility" for medical treatment by paying the bill.

## II. Legal Analysis

Rulings on the SOL are reviewed for competent, substantial evidence (CSE) as to the JCC's findings of fact and *de novo* as to the JCC's legal conclusions. *See Borneisen v. Home Depot*, 917 So. 2d 361, 362 (Fla. 1st DCA 2005) (noting that JCC's factual findings relating to application of SOL are reviewed for CSE); *McBride v. Pratt & Whitney*, 909 So. 2d 386, 387 (Fla. 1st DCA 2005) (noting that JCC's interpretation and application of SOL is reviewed *de novo*).

The SOL under Florida Workers' Compensation Law requires a PFB to be filed within two years after the date a claimant knew or should have known the injury arose out of work performed in the course and scope of employment. § 440.19(1), Fla. Stat. (2014). This two-year period is tolled for one year following the date any indemnity benefit is paid or medical treatment is furnished. § 440.19(2), Fla. Stat. (2014). But, the statute contemplates two avoidances to the SOL defense: 1) where an E/C fails to lodge the SOL defense in its "initial response" to a PFB; and 2) where the E/C "is estopped from raising a [SOL] defense." § 440.19(4), Fla. Stat. (2014).

Here, although the specific date is not clear from the record, the parties stipulated that the SOL expired before the PFB was filed. Claimant asserted both avoidances to the SOL defense.* But on appeal, Claimant does not challenge the JCC's ruling that the

---

* Although Claimant did not plead estoppel on the pretrial stipulation, as required by Florida Administrative Code Rule 60Q-6.113(2)(h), the parties nonetheless argued the merits of estoppel and received a ruling, thus trying it by consent. *See New Hope Baptist Church v. Duran*, 38 So. 3d 170, 171 (Fla. 1st DCA 2010) (holding workers' compensation issue was tried by consent due to E/C's failure to object).

E/C's "initial response" was the September 6 Response to PFB, which asserted the SOL defense. Accordingly, our review relates to the JCC's determination that the Claimant failed to demonstrate estoppel pursuant to section 440.19(4), Florida Statutes.

To demonstrate estoppel under section 440.19(4), Claimant must show that (1) the E/C misrepresented a material fact; (2) Claimant relied on the misrepresentation; and (3) Claimant changed his position to his detriment because of the misrepresentation. *Deere v. Sarasota Cty. Sch. Bd.*, 880 So. 2d 825, 826 (Fla. 1st DCA 2004). Section 440.19(4) does not include a requirement of intent. *Id.* ("Where an E/C misleads a claimant about his or her rights or availability of workers' compensation, even unintentionally, resulting in the claimant's failure to file a timely claim, the E/C will be estopped from denying benefits.").

Here, Claimant never alleged that he relied on the E/C's September 1 email. Therefore, the JCC found Claimant failed to prove estoppel. This finding alone warrants affirmance because a decision in favor of the party without the burden of proof need not be supported by CSE. *See Fitzgerald v. Osceola Cty. Sch. Bd.*, 974 So. 2d 1161, 1163-64 (Fla. 1st DCA 2008) (holding claimant has burden to prove entitlement to benefits and decision in favor of party without burden of proof need not be supported by CSE). Additionally, the record does not show any suggestion of reliance. To the contrary, Claimant did not wait to file his PFB until after receiving a response to his informal request; instead, he filed it *before* the email.

On appeal, Claimant now argues for the first time that allowing the E/C to raise the SOL defense runs counter to the legislative intent behind the presuit resolution process. The presuit resolution process is a statutory requirement that a PFB include a certification that claimant or his counsel "has made a good faith effort to resolve the dispute and . . . was unable to resolve the dispute with the carrier." § 440.192(4), Fla. Stat. (2014). But, Claimant did not argue this below, not even in his motion for rehearing. Thus, it has not been preserved for appeal. *See Hamilton v. R.L. Best Int'l*, 996 So. 2d 233, 234 (Fla. 1st DCA 2008) (holding if error is one that first appears in final order,

4

aggrieved party must bring it to judge's attention by filing motion for rehearing); *Jellison v. Dixie S. Indus., Inc.*, 857 So. 2d 365, 366 (Fla. 1st DCA 2003) (holding arguments not raised before JCC are not preserved for review); *see also Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982) ("[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.").

Accordingly, the order on appeal is AFFIRMED.

WOLF and MAKAR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Mark A. Touby and Richard A. Sicking of Touby, Chait & Sicking, P.L., Coral Gables, for Appellant.

William H. Rogner and Andrew R. Borah of Hurley, Rogner, Miller, Cox & Waranch, P.A., Winter Park., for Appellees.